## In re BURGH et al.

## In re PARMENTER.
### Nos. 52917, 52919.

District Court, N. D. Illinois, E. D.
July 10, 1933.

Charles B. Haffenberg, of Chicago, Ill., for debtors.

Kirkland, Fleming, Green & Martin and Sonnenschein, Berkson, Lautmann, Levinson & Morse, all of Chicago, Ill., for Bondholders' Committee.

Walter E. Wiles, of Chicago, Ill., amicus curiæ.

BARNES, District Judge.

These are proceedings under section 74 of the Bankruptcy Act (11 USCA § 202). The court has heretofore entered orders approving the petitions as properly filed under said section 74. The court has also made orders referring the matters to one of the referees of this court to take such further proceedings therein as are required by said section 74.

It appears from the papers before the court that, after the orders of reference were entered, the debtors, by their counsel, appeared before the referee and procured the issuance of subpœnas duces tecum, calling upon the persons therein named to produce before the referee certain books and records which were said to be required in order that the debtors might determine who were their creditors. It further appears from the papers before the court that motions were subsequently made to quash these subpœnas, and that, upon said motions, orders were made quashing the subpœnas and dismissing the petitions on the ground, as appears from the referee's reports, that said section 74 is unconstitutional because it improperly delegates governmental powers.

The matters now come before the court as the result of the filing of petitions to review the referee's orders.

Upon the argument before the court, section 74 was assailed as unconstitutional on two grounds: First, that the subject-matter of section 74 is not within the reservation of power to Congress found in article 1, § 8, of the Constitution, which, so far as material here, reads as follows: "The Congress shall have Power * * * (4) to establish * * * uniform Laws on the subject of Bankruptcies throughout the United States." And, second, that section 74 violates article 1, § 1, and article 3, § 1, of the Constitution, which sections, respectively, vest all legislative powers therein granted in the Congress of the United States and all judicial power in one Supreme Court and in such inferior courts as Congress may from time to time ordain and establish.

There is no doubt in the mind of the court but that the subject-matter of section 74 is clearly within the meaning of the words "subject of Bankruptcies" as the same are found in article 1, § 8, of the Constitution.

The general purpose of the Bankruptcy Act of 1898 (11 USCA § 1 et seq.) was, first, to distribute all of the property of the bankrupt, other than (a) exempt property, and (b) property covered by liens, amongst the unsecured creditors of the bankrupt; and, second, to discharge the bankrupt from his debts so that he might make a new start. The general purpose of section 74 (11 USCA § 202) is, generally speaking, broader in one respect than the general purpose of the Bankruptcy Act of 1898, and that is the purpose whereby it is proposed that the secured debts of the bankrupt, or debtor, may be affected by the act. The court is unable to discover any good reason why the extension of the benefits of the Bankruptcy Act to secured debts of the bankrupt or debtor should render the act, so extending the benefits, unconstitutional. Generally speaking, bankruptcy acts have always discharged unsecured debts. It is now proposed to compromise or extend secured debts. A secured debt or lien is, so far as the Constitution of the United States is concerned, a no more sacred kind of property than an unsecured debt. In other words, an unsecured debt and a lien are both property, viewed from the standpoint of the Constitution, and the Constitution expressly permits and grants to Congress the exercise of the power to affect such property, whether it be an unsecured debt or whether it be a lien, by laws relating to the "subject of Bankruptcies."

Turning now to the contention that section 74 unlawfully delegates governmental powers. Counsel referred to the following provisions of Subdivisions (a), (b), (d), and (e) of section 74 (11 USCA § 202 (a, b, d, e), as being violative of the Constitution in this respect (italics are the court's):

"(a) * * * That in any other proceeding under this section the court may, *as the creditors at the first meeting may direct,* impose similar terms as 'a condition of delaying the appointment of a trustee and the liquidation of the estate. * * *

"(b) * * * The court may * * * appoint a custodian or receiver, who shall inventory the debtor's estate and exercise such supervision and control over the conduct of the debtor's business *as the creditors at any meeting* or the court *shall direct.*

"(d) At the first meeting * * * *the creditors may nominate a trustee.* * * *

"(e) *An application for the confirmation of a composition or extension proposal may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims if unsecured have been allowed, or if secured are proposed to be affected by an extension proposal,* which number must represent a majority in amount of such claims."

In argument, particular stress was laid upon the above-quoted portion of subdivision (e) of section 74 as being violative of the Constitution, in that it provides for a delegation of governmental powers. So far as the court can see, there is no difference in principle between the requirements of subdivision (e) of section 74 in respect of the acceptance of a composition or extension proposal by creditors and the requirements of the section 12 of the Bankruptcy Act, as amended by Act May 27, 1926 (11 USCA § 30), in respect of the acceptance of a composition by creditors. It seems clear to the court that, if the composition provisions of the Act of 1874 (18 Stat. 178) and subsequent acts are valid, and they have been so held, section 74 is valid, and the court holds that it is valid.

In each of these cases, it appears that one of the principal assets, if not the principal asset, of the debtors is a parcel of improved real estate which, in each case, is subject to a trust deed which is in process of foreclosure in the State courts.

In the Parmenter case, the record shows the following order has been made in the circuit court of Cook county, Ill., and that the debtor has heretofore surrendered possession of the mortgaged premises to Walter S. Baer, as trustee, and that Walter S. Baer, as trustee, is collecting the rents, issues, and profits thereof:

"It appearing to the court that Eunice C. Parmenter, and Jeanette Brown, the owners of the fee simple title of the premises involved herein, have appeared by their counsel and have consented in open court to the entry of this order, the Court having considered the verified bill of complaint heretofore filed herein.

"It is hereby ordered that Eunice C. Parmenter, and Jeanette Brown, owners of the fee simple title of the mortgaged premises described in the bill of complaint and hereinafter described, shall forthwith surrender possession of said premises to Walter S.

Baer, as Trustee, under Document No. 9141784, complainant herein, said premises being legally known and described as: * * * Said surrender to be effective as of November 25th, 1932.

"It is further ordered that Walter S. Baer, as Trustee, shall collect the rents, issues and profits thereof and of the improvements thereon, which funds so collected by Walter S. Baer, as trustee, shall be held and retained by him subject to the lien of the trust deed described in the bill of complaint herein, for the benefit of the holders of the bonds and coupons issued under and secured by said trust deed in the same manner and with the same effect as though such moneys were held by Receiver appointed in this cause pursuant to the terms of said trust deed, and such funds shall be disbursed by said complainant from time to time as this Court shall direct. * * * "

In the Burgh case, the record shows that the petitioners have heretofore made an assignment of rents to Benjamin G. Kilpatrick, as successor trustee under the trust deed which is being foreclosed in the state court. The assignment, so far as it is material here, provides that the debtors sell, assign, transfer, and set over unto Benjamin G. Kilpatrick, as successor-trustee: "All the rents, issues and profits now due and which may hereafter become due under or by virtue of any lease, whether written or verbal, or any letting of, or any agreement for the use or occupancy of any part of the premises hereinafter described, which may have been heretofore or may be hereafter made or agreed to, or which may be made or agreed to by the grantee herein under the power herein granted, it being the intention to hereby establish an absolute transfer and assignment of all such leases and agreements and all the avails thereunder unto the grantee herein, upon the property described as follows, to-wit: * * * And the undersigned hereby appoints irrevocably the above mentioned Benjamin G. Kilpatrick, as successor-trustee, as aforesaid, their true and lawful attorney in their name and stead to collect all of said avails, rents, issues and profits arising or accruing at any time hereafter, and all now due or that may hereafter become due under each and every of the leases or agreements, written or verbal, existing or to hereafter exist, for said premises, and to use such measures, legal or equitable, as in his discretion may be deemed proper or necessary to enforce the payment or the security of such avails, rents, issues and profits, or to secure and maintain possession of said premises or any portion thereof and to fill any and all vacancies, and to rent, lease or let any portion of said premises to any party or parties at his discretion, hereby granting full power and authority to exercise each and every the rights, privileges and powers herein granted at any and all times hereafter without notice to the grantors herein, their successor and assigns, and further, with power to use and apply said avails, issues and profits to the payment of any indebtedness or liability of the undersigned to the said Benjamin G. Kilpatrick, as successor-trustee, as aforesaid, or his successors or assigns as the holder or holders of said indebtedness due or to become due under and by virtue of the trust deed hereinabove described, and also to the payment of all expenses and the care and management of said premises, including taxes and assessments, and the interest or incumbrances, if any, which may in said attorney's judgment be deemed proper and advisable, hereby ratifying all that said attorney may do by virtue hereof."

On the basis of the foregoing showing, it is contended that the security is not "in the actual or constructive possession of the debtor or of the custodian or receiver" within the meaning of those words as used in subdivision (h) of section 74 (11 USCA § 202 (h), and that, accordingly, the subpœnas duces tecum were properly quashed and the debtors' petitions were properly dismissed by the referee.

The somewhat different question which, strictly speaking, may not be before the court at the present time, but which will be discussed because it was discussed by counsel, as to whether or not, under the facts above set forth, an extension proposal may extend the time of payment of the indebtedness secured by the mortgages on the two parcels of property aforesaid, has given the court considerable difficulty.

Upon a consideration of the order entered by the circuit court of Cook county in the Parmenter case, the court is of the opinion that said order amounted to the appointment of Walter S. Baer as trustee, as receiver of that court, the consent of Eunice C. Parmenter to the entry of said order amounting to no more than her consent to the appointment by the circuit court of a party to that suit as a receiver, and the powers of Baer as trustee, as receiver, being those of a receiver appointed by that court, and not others. Particular attention is called to the following words appearing in the last paragraph

of the order above quoted: "* * * With the same effect as though such moneys were held by Receiver appointed in this cause pursuant to the terms of said trust deed, and such funds shall be disbursed by said complainant from time to time as this court shall direct."

The next question which arises is as to what effect the custody of Baer, as trustee under said order, had upon the possession of Eunice C. Parmenter, the debtor. The custody of a receiver does not change the right of possession in the property, and the custody of a receiver is not technically adverse as to any party to the litigation so as to oust or affect any right. Wiswall v. Sampson, 55 U. S. (14 How.) 52, 64, 14 L. Ed. 322; Underground El. Rys. Co. v. Owsley (C. C. A.) 176 F. 26, 38; Pascault v. Cochran (C. C.) 34 F. 358, 367; Thompson v. Phenix Ins. Co., 136 U. S. 287, 297, 10 S. Ct. 1019, 34 L. Ed. 408.

Accordingly, the court is of the opinion that the custody of Walter S. Baer, as trustee under the order aforesaid, did not oust the possession of Eunice C. Parmenter, and that she may be said to be either actually or constructively in possession of the property involved in the foreclosure suit.

In the Burgh case, the mortgage which is in foreclosure in the state court provided that, in case of default, "said party of the second part or its successors in trust, or its or their agents or attorneys, shall have the right * * * to enter and take possession of said premises or any part thereof, with or without force, and to expel and remove therefrom the said party of the first part, or anyone claiming under said party, and to hold and retain such possession and to collect the rents thereof and lease said premises in such parcels and for such times and upon such terms and to such person or persons as to said party of the second part or its successors in trust, or its or their agents or attorneys may seem proper, and to operate the property and to sign the name of the party of the first part hereunder on all papers and receipts used in connection therewith where it is necessary or advisable to do so," etc. The trustee under said mortgage did not see fit to exercise the right granted in the foregoing language. Had it exercised that right, or had its successor Kilpatrick exercised that right, he might properly be referred to as a "mortgagee in possession." But, as has been indicated, he did not see fit to exercise this right. What he did do was to procure from the Burghs an assignment of rents, whereby he was constituted the agent of the Burghs, and his possession is their possession. It is true that he is a mortgagee, and it is true that he is in custody of the property, but it is not true that he is a mortgagee in possession. Accordingly, the court is of the opinion that the Burghs may be said to be in either the actual or constructive possession of the property in question.

The court has proceeded to this point without considering the force and effect of the words, "or of the custodian or receiver," which are found in the following provision of subdivision (h) of section 74 (11 USCA § 202 (h): "The terms of an extension proposal may extend the time of payment of either or both unsecured debts and secured debts the security for which is in the actual or constructive possession of the debtor or of the custodian or receiver," etc. It is submitted that the words "or of the custodian or receiver" must enlarge and cannot restrict the meaning of the sentence quoted. When the court inquired of counsel for Baer, trustee, and Kilpatrick, as successor trustee, as to their understanding of the meaning of the words "or of the custodian or receiver," the only answer that was made, which the court now remembers, was that a custodian or receiver had not been appointed in either of these cases. It seems to the court that the entire section 74 should not be so construed as to put a premium upon the appointment of a custodian or receiver by the bankruptcy court at an earlier time than may be otherwise necessary, or as to require the bankruptcy court, as a condition precedent to proceeding on a debtor's petition under section 74, to appoint a custodian or receiver.

Upon consideration of the entire section 74, in the light of the Bankruptcy Act as it stood prior to the enactment of said section as law, and particularly the following provisions of section 74:

"(a) * * * The term 'debt' for the purposes of an extension proposal under this section shall include all claims of whatever character against the debtor or his property, including a claim for future rent, whether or not such claims would otherwise constitute provable claims under this title. * * * The term 'creditor' shall include for the purposes of an extension proposal under this section all holders of claims of whatever character against the debtor or his property including a claim for future rent, whether or not such claims would otherwise constitute provable claims under this title. A claim

for future rent shall constitute a provable debt and shall be liquidated under section 63 (b) [section 103 (b)] of this title.

"(b) After the filing of such petition or answer the court may upon reasonable notice to creditors and attorneys of record appoint a custodian or receiver, who shall inventory the debtor's estate and exercise such supervision and control over the conduct of the debtor's business as the creditors at any meeting or the court shall direct. .

"(c) The custodian or receiver, or if none has been appointed, the court, shall promptly call the first meeting of creditors, stating in the notice * * * and a list of the names and addresses of the secured creditors and the fifteen largest unsecured creditors, with the amounts owing to each as shown by the schedules. * * *

"(e) An application for the confirmation of a composition or extension proposal may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims if unsecured have been allowed, or if secured are proposed to be affected by an extension proposal, which number must represent a majority in amount of such claims. * * *

"(h) The terms of an extension proposal may extend the time of payment of either or both unsecured debts and secured debts the security for which is in the actual or constructive possession of the debtor or of the custodian or receiver, and may provide for priority of payments to be made during the period of extension as between secured·and unsecured creditors. * * *

"(i) Upon its confirmation an extension proposal shall be binding upon the debtor and his unsecured and secured creditors affected thereby: Provided, however, That such extension or composition shall not reduce the amount of or impair the lien of any secured creditor, but shall affect only the time and method of its liquidation. * * *

"(m) The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed. In proceedings under this section, except as otherwise provided therein, the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day.

"(n) In addition to the provisions of section 11 [section 29] of this title for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court" (11 USCA § 202 (a-c, e, h, i, m, n) —it seems clear to the court that it was the intention of Congress, in the exercise of its power "to establish * * * uniform Laws on the subject of Bankruptcies throughout the United States" (Const. art. 1, § 8, cl. 4) to commit to the courts of bankruptcy exclusive jurisdiction over the debtor and his property wherever located, whether the property be subject to liens or otherwise. If this is true, then it follows that in a proper case the court may "upon reasonable notice to creditors and attorneys of record appoint a custodian or receiver" (section 74 (b), 11 USCA § 202 (b) of all of the debtor's property, including that which is subject to liens. It goes without saying, of course, that the possession of power is something other than and different from the exercise of power. It may be that, if the court had before it a case where the debtor had borrowed the sum of $1,000 and had given his collateral promissory note to evidence the loan, and had pledged with the creditor, as security for the payment of the loan, securities, the court would not feel called upon to exercise the power to appoint a receiver or a custodian. It may be that, if the court had before it a case where the debtor had borrowed the sum of $1,000 and had made and delivered to the creditor a warranty deed to a parcel of real estate, and the creditor had gone into the possession of the real estate under the warranty deed, the court would not feel called upon to exercise the power to appoint a custodian or receiver, but, as the court has indicated, it has come to the conclusion, upon the consideration of the entire section 74, that the court would have the power even in those two cases to appoint a custodian or receiver.

The result of the foregoing is that the court is of the opinion that it has the power, under section 74, to appoint custodians or receivers of the parcels of real estate referred to in these cases and under foreclosure in the state court. The court is further of the opinion that, if the right to affect the secured debts of the debtors in these cases was dependent upon the possession of a custodian or receiver, the court would not, at this stage of the proceedings, be required to appoint a custodian or receiver before proceeding further. As these cases now stand, the court does not know who the secured creditors are, neither does it know what plan may be proposed by the debtors, and, accordingly, it does not know how, if at all, the secured creditors, whoever they may be, will be affected by such plan.

Orders in accordance with the views herein expressed may be presented.