## In re PIERCE–ARROW SALES CORPORATION.

No. 22146.

District Court, W. D. New York.

March 28, 1935.

Cramer & Guthrie, of Hartford, Conn., for Hartford Buick Co.

Slee, O'Brian, Hellings & Ulsh, of Buffalo, N. Y., for debtor.

KNIGHT, District Judge.

On August 15, 1934, the Hartford Buick Company, petitioner herein, commenced an action against the debtor herein in the court of common pleas for Hartford county, Conn., for the recovery of certain rents. On the following day a garnishee was filed against the Hartford National Bank & Trust Company, with which institution the debtor had a deposit of $1,500. On August 20, 1934, the debtor's petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207) was filed with this court and on the same day an order was granted enjoining and restraining the bringing of or further prosecution of any action at law, suit in equity, special or other proceeding against the corporation or its assets, or the obtaining of any attachment or the making or executing of any levy upon the assets of said corporation, or the interference in any way with the possession, control, or management by the debtor of the property of said corporation.

Petitioner moves for the dissolution of this order in so far as it restrains the pending suit against the debtor on the ground that this is not a proceeding in bankruptcy and that, since the court of common pleas of Hartford county first secured jurisdiction, it may not be enjoined from further proceedings by the federal court. Petitioner asserts that section 77B of the Bankruptcy Act was enacted for the purpose of reorganizing corporations so that they might avoid bankruptcy wherever possible, and therefore proceedings thereunder are not properly bankruptcy proceedings. The motion papers disclose the following allegations: That the statute is unconstitutional, since it deprives the petitioner and others so situated of property and property rights without due process of law; that it interferes with the jurisdiction of the state court upon an ex parte hearing without notice and hearing thereon; that it deprives petitioner and others similarly situated from equal protection of the law; that it is arbitrary, unreasonable, and amounts to class legislation and discriminates in favor of debtors to the injury of creditors; that it violates section 8 of article 1 of the United States Constitution in that it does not establish uniform laws on the subject of bankruptcy throughout the United States.

In requesting denial of the motion, the debtor corporation asserts that section 77B of the Bankruptcy Act is valid legislation within the constitutional powers of Congress and that the jurisdiction of the state court over the debtor's property must yield to the exclusive jurisdiction of the federal court on the filing of a petition under the Bankruptcy Act, and therefore this court had the power to enjoin the continuation of the action brought in the state court.

Section 77B (a) of the Bankruptcy Act, 11 USCA § 207 (a), provides that, if the petition for reorganization is approved, "the court in which such order approving the petition * * * is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section, and shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature." This section, giving the Federal court exclusive jurisdiction over the property of the debtor, resolves any question as to concurrent jurisdiction of the federal and state courts, provided the legislation is found to be within the scope of the constitutional grant to the federal government of the power to establish laws on the subject of bankruptcies. The section provides further that the judge "in addition to the provisions of Section 11 of this Act [section 29 of this title] for the staying of pending suits against the debtor, may enjoin or

stay the commencement or continuation of suits against the debtor until after final decree." Subdivision (c) (10), 11 USCA § 207 (c) (10). There can be no doubt as to the propriety of the restraining order provided the legislation is found to be proper bankruptcy legislation.

This question has been considered in connection with sections 74, 75, and 77 (see 11 USCA §§ 202, 203, and 205), which were passed prior to the section with which we are presently concerned, and they were found to be within the proper limits of bankruptcy legislation. In re Landquist (C. C. A.) 70 F.(2d) 929; In re Burgh (D. C.) 7 F. Supp. 184; In re Collier (D. C.) 4 F. Supp. 700; In re Bradford, Jr. (D. C.) 7 F. Supp. 665; In re Radford, 8 F. Supp. 489, 494, affirmed 74 F.(2d) 576; In re Chicago, Rock Island & Pacific Railway Co. (C. C. A.) 72 F.(2d) 443. It seems to me that the opinions therein are right in this regard.

■ Objection is made that the section does not provide for a sale of the debtor's assets and distribution of the proceeds. In the Radford Case, the court said: "If the law provides for a realization of the fair value of the debtor's property by some other method than by such a sale, and for a distribution among the creditors according to their rights of the sum thus ascertained, the same general purpose is accomplished as would be accomplished by a sale. * * *" Inasmuch as the section here involved does provide for a distribution to creditors according to their rights, if not of a sum of money realized from the assets, at least of a share in the ownership of such assets, it would seem that here also the general purpose of the Bankruptcy Act is accomplished.

■ Another objection is that the section provides a means of circumventing bankruptcy proceedings. In such case the proceeding is a composition proceeding which has long been recognized as an adjunct of bankruptcy, since it secures to creditors a distribution of substantially the value of the debtor's property. In re Radford, supra.

■ It may be conceded that this section amounts to class legislation inasmuch as it favors debtors over creditors, because that is the effect of any bankruptcy statute. Hanover National Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113. The constitutional grant of authority to regulate bankruptcy gives Congress express power to pass such legislation, and it need not be uniform as to classes of persons so long as it is uniform territorially. Hanover National Bank v. Moyses, supra. The petitioning creditor is not deprived of equal protection of the laws by this statute, inasmuch as his rights are the same as those of all other creditors, with the exception of those differences growing out of liens or other priorities.

■ The remaining contention is that the statute is unconstitutional in that it deprives creditors of property and property rights without due process of law. The creditor asserts that it is deprived of the right to prosecute its claim to judgment and to have the attached property taken on execution to satisfy the judgment. This right is one which creditors have always been denied under the bankruptcy laws, as otherwise an orderly and equitable distribution of the debtor's assets would be impossible. I see no analogy between the reasons advanced in decisions declaring section 75 to be unconstitutional, as depriving creditors of property without due process of law, and the reasons advanced here.

The conclusion arrived at is that section 77B of the Bankruptcy Act is valid bankruptcy legislation. Under said section the federal court is given exclusive jurisdiction of the estates of corporations affected thereby, and the order restraining the petitioning creditor's action was properly granted. The motion to set aside such order to allow the prosecution of the petitioning creditor's action is denied.