### In re BARKER PIANO CO.

(Circuit Court of Appeals, Second Circuit.   May 9, 1916.)

#### No. 258.

1. BANKRUPTCY ⟨⟩36—POWER TO VACATE ORDERS.

As there are no terms in bankruptcy, and no provision in the statute limiting the time within which an order of a referee may be reviewed or an order of the District Court reheard, an order of the court may be revoked months after it is made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 36; Dec. Dig. ⟨⟩36.]

2. BANKRUPTCY ⟨⟩305—COLLECTION OF ASSETS—ORDERS.

A bankrupt, which had sold goods on installments, assigned the installment contracts before bankruptcy. Thereafter the assignees and the trustee both asserted the right to collect the installments, and under orders of the referee and the District Court the trustee made collections. The assignees warned the purchasers not to make payments to the trustee. *Held* that, as such payments would not, if the purchasers were liable to the assignees, bar recovery by them, the District Court should not order the trustee to deliver over moneys collected to the assignees for

the purpose of placing the parties in statu quo, for it should either determine the rights of the assignees, or have the trustee resort to a plenary suit in some court of competent jurisdiction for that purpose.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 466–468; Dec. Dig. ☞305.]

Petition for Revision of Order of the District Court of the United States for the District of Connecticut, in Bankruptcy.

In the matter of the bankruptcy of the Barker Piano Company. Petition by Stewart N. Dunning, as trustee, to revise an order of the District Court directing payment of moneys to the Commercial Securities Company and another. Order reversed.

J. T. Robinson, of Hartford, Conn., for petitioner.

H. A. Heiser, of New York City, for respondent.

Before WARD and ROGERS, Circuit Judges, and VEEDER, District Judge.

WARD, Circuit Judge. The Barker Piano Company was a corporation of Connecticut engaged in the business of selling pianos. It sold many of them under contracts of conditional sale. These contracts with the vendees it assigned to various persons and corporations in consideration of money received, and the controversy between the trustee and the persons who hold the contracts is whether those assignments were absolute, or merely as security for repayment of money loaned, and, if so, whether the loan was usurious. The transcript of record does not contain any copy of the conditional contracts of sale of the pianos, or of the contracts between the bankrupt and the persons to whom it assigned the contracts, nor was testimony taken during any stage of the proceedings.

The record shows that the bankruptcy was adjudicated in July, 1914, that the particular controversies in question began July 30, 1914, and the final order in the District Court was not entered until January 26, 1916, a delay very inconsistent with the rapid administration which the Bankruptcy Act was intended to accomplish.

July 30, 1914, the trustee filed a petition for leave to collect all balances due by the vendees under these assigned contracts of sale, amounting to some $44,000, pending the determination of the rights of the holders thereof and of the trustee respectively. On the same day the referee made a temporary order to that effect.

August 27, 1914, the Commercial Securities Company, a corporation of the state of Illinois, and J. H. Shale, trustee, being holders of some of the assigned contracts aforesaid, each filed with the referee objections to the said petition and to the order of July 30th on the ground that the referee had no jurisdiction to make any order interfering in any way with their rights under the said assigned contracts.

September 21st the referee, without hearing any testimony, found that the contracts were assigned to the holders as collateral security for repayment of borrowed money and made his temporary order of July 30th permanent. September 28th the Commercial Securities Company and Shale, trustee, filed petitions to review the order of the referee.

December 24th the District Judge reversed the order on the ground that the referee had no jurisdiction in the premises, and directed the trustee to turn over to the holders of the assigned contracts all moneys collected by him since July 30, 1914, when the temporary order was made. December 30th the trustee asked for a rehearing of the petition of review.

January 9, 1915, the trustee filed in the bankruptcy proceeding a document, which he called a caveat, certifying that he had begun an action in the superior court for Hartford county, in which he, as trustee, had summoned, among others, the Commercial Securities Company and Shale, trustee, in an action to determine title to payments made or that might become due, to him upon the said assigned contracts.

February 19th the court amended the order of December 24, 1914, by striking out the direction that the trustee turn over to the holders of the assigned contracts the moneys collected by him since July 30, 1914, and instead thereof directed him to prosecute the action begun in the state court or some other plenary suit for adjudicating the rights of the various claimants. This order was subsequently revoked in open court.

June 16th the Commercial Securities Company and Shale, trustee, petitioned for an order directing the trustee to pay over to them the moneys collected by him on the assigned contracts under and in pursuance of the order of the referee of September 21, 1914. July 1st the trustee filed an answer praying that the petition be denied or in the alternative that the Securities Company and Shale, trustee, be ordered to surrender the contracts of sale to him.

[1] It is objected that it was too late to do this. As there are no terms in bankruptcy, and no provision in the statute limiting the time within which an order of the referee may be reviewed or an order of the District Court reheard, and we are referred to no rule of court, this proceeding cannot be regarded as too late. In re Ives, 113 Fed. 911, 51 C. C. A. 541.

Upon this petition and answer the court filed an opinion, in which it held that the trustee had collected and was collecting moneys under the assigned contracts by virtue of a void order of the referee, which was an unlawful disturbance of the property of the holders for which reason the original order of December 24th was right. January 18, 1916, the trustee applied for a rehearing, which was refused.

[2] January 26th an order was entered reversing the referee's order of September 21, 1914, and directing the trustee to turn over the moneys collected by him to the Securities Company and Shale, trustee, and restraining him from interfering with the contracts assigned to them or making collections thereunder. The petition to revise applies to this order.

The holders of the assigned contracts and the trustee had each notified the vendees of the pianos to pay them respectively. We are of opinion that the referee's order authorizing the trustee to collect was wholly unnecessary, it being his duty to bring in everything he believed to be assets of the estate. He was collecting from the vendees of the pianos and not from the Security Company or Shale, trustee. Their

rights could not be prejudiced by his so doing. It is true that they were apparently entitled to collect, whether the contracts they held were sales or only security for money loaned. Still if the vendees paid the trustee wrongfully, they would have to pay again, or, if the holders chose, they could reclaim in the bankruptcy proceedings the moneys collected. But moneys actually collected by the trustee and in the possession of the bankruptcy court were subject to its summary jurisdiction. The learned judge, apparently with a view to restoring the status quo before the referee's orders of July 30 and September 21, 1914, ordered the trustee to pay over the moneys collected by him since those dates to the holders of the assigned contracts. The status could be restored in only one way, and that was by paying the moneys over to the vendees of the pianos from whom they had been collected. The court should either have passed upon the title to the moneys in its possession, giving the trustee and the holders of the contracts an opportunity to offer proofs, or else should have permitted the whole question of the rights of the parties to be determined in a plenary suit in some court of competent jurisdiction.

The order is reversed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes