### In re WEISSBAUM.

#### No. 23014.

District Court, N. D. California, S. D. March 31, 1933.

968

Treadwell, Van Fleet & Laughlin, of San Francisco, Cal., for petitioning creditor.

James M. Thomas, of San Francisco, for Gustave Weissbaum.

KERRIGAN, District Judge.

Alan C. Van Fleet, as executor for a creditor, has filed a motion to dismiss the debtor's petition. Also motion to set aside order of reference to referee, also an answer to the debtor's petition, in which he sets forth his status as a creditor on two judgments for rent on property leased to the debtor. The answer denies that the debtor "is unable to meet his debts as they mature." Such denial presents the only material matter. It is the condition of a debtor requiring a general extension to enable him to treat all his creditors with equality that this new provision is aimed to relieve. The determination as to whether or not such a condition exists is not a matter to be heard on affidavits, or from the pleadings alone. Section 74c of the act (11 USCA § 202 (c) states: "Any creditor may appear *at or before the first meeting* [of creditors] and controvert the facts alleged in the petition. In such case the court shall determine as soon as may be the issues presented, without the intervention of a jury, and unless the material allegations are sustained by the proofs shall dismiss the petition."

 The debtor's petition here sets forth all requisite jurisdictional facts and is accompanied with schedules in due form, and has been approved by the judge under the provisions of section 74a (11 USCA § 202 (a), and order of reference of the case duly made to a referee in bankruptcy. All creditors are concerned in the issue as to whether or not the debtor "is unable to meet his debts as they mature," which for determination requires investigation into and consideration of the debtor's condition as a whole. Section 74o (11 USCA § 202 (o) provides for reference of the case to a referee, and under paragraph (c), above quoted, any creditor may at or before the first meeting controvert the facts alleged in the petition. No sufficient reason appears from the record before me why the judge in this instance should determine the issues presented by the answer to the debtor's petition in advance of the first meeting. As this new amendment provides for reference to a referee, and that the facts alleged in the debtor's petition may be controverted at the first meeting, it follows that the referee has been given power to hear and determine issues such as raised by the answer here, and that such an answer may be filed with the referee in the first instance.

Section 74a provides that the "Judge" shall make the initial order approving the debtor's petition as properly filed, but in paragraphs (b) and (c) of section 74, 11 USCA § 202 (b, c), relating to appointment of custodian or receiver, and the calling of the first meeting of creditors and the controverting by creditors of the facts alleged in the debtor's petition, the word "court" is used. The provisions of section 1 (7) of the act (11 USCA § 1 (7) reads: " 'Court' shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee."

I find no indication in the provisions under consideration that the word "Court," as used in paragraphs (b) and (c), is restricted to the "Judge." The provisions of paragraph (m) of section 74, 11 USCA § 202 (m), provides that: "The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed. In proceedings under this section, except as otherwise provided therein, the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject. to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day."

No custodian or receiver has been appointed herein. The referee therefore should "promptly call the first meeting of creditors" under paragraph (c), and is required to inclose with the notice, among other requirements, a summary of the inventory. The debtor therefore should be required promptly to file an inventory. It will expedite proceedings hereunder if debtors file an inventory with their schedules, or with the referee, promptly after reference, when no appointment of. a custodian or receiver is sought.

As under paragraph (m) the debtor and his property, wherever located, are subject to the exclusive jurisdiction of the bankruptcy court on approval of the debtor's petition or answer, it follows that state court proceedings affecting property in possession of the debtor should be staid, as was done in this case.

Based on the foregoing consideration, it is ordered that the motion to set aside the reference to the referee in bankruptcy, and the motion to dismiss the debtor's petition, be, and the same are hereby, denied.

It is further ordered that the issues raised by the answer to the debtor's petition be, and the same are hereby, referred to T. J. Sheridan, referee in bankruptcy, with instructions to set the issue for hearing at the time to be called for the first meeting of creditors, and to ascertain and report the facts together with his conclusions and recommendation thereon.

It is further ordered that the restraining order issued by the referee remain in force pending the coming in of the referee's report.