## In re COLLIER.

District Court, S. D. New York.
Oct. 7, 1933.

Sperry & Yankauer, of New York City (Walter D. Yankauer and Samuel Weinberg, both of New York City, of counsel), for the motion.

Kaufman, Weitzner & Celler, of New York City (Emil Weitzner and Samuel H. Kaufman, both of New York City, of counsel), opposed.

WOOLSEY, District Judge.

This motion is granted only to this extent, namely, that so much of the restraining order of August 25, 1933, made herein as stays, enjoins, and restrains the Union Car Advertising Company, Inc., from proceeding as appellee in the Court of Appeals in New York state in the action there now pending of Union Car Advertising Company, Inc., v. Barron G. Collier et al. may be vacated; in all other respects the motion is denied.

I. This is a motion made to vacate in whole or in part an order entered in this court on August 25, 1933, under the ancillary jurisdiction provided for by Bankruptcy Act, § 2 (20), 11 USCA § 11 (20).

The original proceeding is a debtor proceeding under section 74 of the Bankruptcy Act (11 USCA § 202) now pending in the United States District Court for the Northern District of Florida.

II. The motion is based on a petition in which counsel recite that they are appearing specially for the petitioner.

It is rather difficult to understand the theory on which the petitioner's attorneys imagine that they can appear specially for the petitioner when they are asking affirmative relief from the Court. Of course they might appear specially to resist jurisdiction, but I cannot recognize any special appearance in support of a petition to vacate this stay, and their appearance must therefore be regarded as a general appearance, whatever the effect of such an appearance may be.

III. The particular relief at which the motion is aimed is to enable the Union Car Advertising Company, Inc., which has a judgment, based on a claim of unfair competition in bidding to secure an advertising contract, against the debtor Barron G. Collier, Eastern Advertising Company, Inc., and Guaranty Trust Company of New York, as executor of Clinton Elliott, deceased, to proceed to enforce that judgment both by arguing the cause in the Court of Appeals of New York state wherein it is appellee, and also to enable the Union Car Advertising Company, Inc., to proceed with an action which it has brought in the Supreme Court of New York county against the Fidelity & De-

posit Company of Maryland and the Globe Indemnity Company, sureties who gave bond after the judgment was rendered, to stay execution pending appeal to the Appellate Division of the First Department.

IV. The provisions of section 74 of the Bankruptcy Act approved March 3, 1933, give new remedies in the bankruptcy court in dealing with the estates of individuals in distress as to their debts.

In section 74, within which the present proceeding comes and which provides, in proper cases, for composition or extension or both as against all debts of individuals, the word "debt" is thus defined: "The term 'debt' for the purposes of an extension proposal under this section shall include all claims of whatever character against the debtor or his property, including a claim for future rent, whether or not such claims would otherwise constitute provable claims under this title."

Section 74 (m) of the act (11 USCA § 202 (m) provides that in proceedings thereunder, "except as otherwise provided therein, the jurisdiction and powers of the court * * * shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed. * * * * "

Section 74, therefore, as it is aimed at all claims, and not merely at claims which are provable in bankruptcy, is wider in its ambit than section 11a of the Bankruptcy Act (11 USCA § 29 (a).

By section 2 (15) of the Bankruptcy Act (11 USCA § 11 (15), the court is authorized to "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title."

Consequently, even if the state court actions, which are the subject-matter of the present petition, would not be dischargeable in bankruptcy, on which I do not express any opinion, as the present status of this proceeding is that of a debtor proceeding and it has not yet matured into a bankruptcy proceeding, under the statutory powers above given, I have the right to enjoin the petitioner from further proceedings in the state court actions above mentioned and am not limited in such injunction to claims dischargeable in bankruptcy under section 11a of the Bankruptcy Act.

V. A further consideration should be mentioned.

Section 74 (n) of the act (11 USCA § 202 (n) provides: "In addition to the provisions of section 29 [11] of this title for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

Consequently, if in view of the fact that security has been filed for the judgment above referred to, it should be regarded as a secured debt, I am authorized specifically by section 74 (m) to enjoin the petitioner from proceeding further as plaintiff in the state court in the actions there pending; but for obvious reasons the petitioner should be permitted, in the interest of all parties, to argue its cause as appellee in the New York Court of Appeals when reached.

VI. On the papers before me it is clear that the debtor owns outright upwards of a tenth part of the shares of stock of the Eastern Advertising Company, Inc., and has an equity in the balance of 4,375 shares outstanding.

Furthermore, the debtor has deposited at least part of the security to indemnify the surety companies who gave bond on the appeal from the judgment taken by the debtor and his fellow defendants to the Appellate Division.

The estate of the debtor and possibly, if he becomes bankrupt, his estate as a bankrupt would therefore be affected by any further proceedings against the Eastern Advertising Company, Inc., and the sureties, Fidelity & Deposit Company of Maryland and the Globe Indemnity Company.

The unusual situation here, in my opinion, falls directly within the principle laid down in Re Federal Biscuit Company, 203 F. 37, 38, 39 (C. C. A. 2).

Settle order on notice.