## In re LOOKER.
### No. 18462.

District Court, W. D. Pennsylvania.

Dec. 5, 1933.

F. M. Nash, of Bradford, Pa., for custodian.

Gallup & Potter, of Bradford, Pa., for execution creditors.

H. M. Wick, of Bradford, Pa., referee.

SCHOONMAKER, District Judge.

The debtor, John C. Looker, filed an application in this court under the provisions of section 74 of the Bankruptcy Act (11 USCA § 202) for an extension of time in which to pay his debts. On his application, the Downs Furniture Company and Robert E. Murrin, both of whom then held judgments against the debtor over four months old, were restrained from proceeding with writs of execution and attachment executions on said judgments, which had been issued within four months preceding the debtor's application.

The debtor's proposal to his creditors was accepted by the majority, and was confirmed on the 2d day of November, 1933, by the referee in bankruptcy to whom the case was referred.

The custodian now comes into court with an application to release the personal property from the levy of executions of the Downs Furniture Company and Robert E. Murrin; to release the rents due from the Emery Hotel Corporation from the attachment execution, and also to direct the same to be paid to the custodian.

As we view the situation, the debtor's extension proposal is binding upon the Downs Furniture Company and Robert E. Murrin, whether they occupy the position of secured or unsecured creditors; but it does not reduce or impair their lien, if they occupy the position of secured creditors, and in such case affects only the time and methods of liquidation. See section 74 (i) of the amendment to the Bankruptcy Act, approved March 3, 1933 (11 USCA § 202 (i). This section 74 of the Bankruptcy Act subjects the debtor's property to the exclusive jurisdiction of this court. See section 74 (m) of the Act (11 USCA § 202 (m).

We therefore cannot permit the Downs Furniture Company and Robert E. Murrin to proceed with their executions against debtor's personal property and the attachments against the rents of the Hotel Holley. These, pending the carrying out of the terms of the extension proposal, should be turned over to the custodian and held by him for the purpose of carrying out the terms of the extension proposal. We will retain jurisdiction of debtor and his property during the period of the extension, in order to protect the estate and enforce the terms of the proposal extension. This is authorized by section 74 (j) of the amendment to the Bankruptcy Act of March 3, 1933 (11 USCA § 202 (j).

Downs and Murrin have petitioned for a review of the referee's order confirming debtor's extension proposal. This, however,

will not change the status of this personal property levied upon, or the rents attached. These should come into the hands of the custodian to be dealt with later, as the court shall direct.

If the court, on review of the referee's order confirming the composition, should reverse it and refuse confirmation of debtor's proposal, then the court will adjudge the debtor a bankrupt and proceed with the liquidation of the estate under the general bankruptcy law. In this event, the personal property and rents attached would come into the hands of the trustee for liquidation, subject to the claims of Down and Murrin as preferred creditors, if they should be held to be entitled to that position under the Bankruptcy Act.

Therefore Downs and Murrin will be permanently enjoined from proceeding with their executions and attachments. The rents attached will be paid to the custodian. Let an order be submitted accordingly.