### PAINE et al. v. CAPITOL FREEHOLD LAND & TRUST CO. et al.

### No. 461.

District Court, N. D. Texas, Amarillo Division.

Nov. 8, 1934.

B. N. Richards, of Dalhart, Tex., for plaintiffs.

Kimbrough & Boyce, of Amarillo, Tex., for defendants.

ATWELL, District Judge.

The complainant bought from the respondent several years ago a large tract of land on credit. He has made no payment thereon. The respondent brought suit in the state court for the amount of the debt, and for a foreclosure of the vendor's lien. It was granted judgment, and an order of sale was taken out and advertised for August 16th. At 9:45 in the morning on that day the complainant filed his petition and schedules under section 75 of the National Bankruptcy Act (11 USCA § 203), claiming that he was a farmer and entitled to all of the benefits of the provisions of that act, including subsection (s) (7), 11 USCA § 203 (s) (7). The matter was referred to the conciliation commissioner for the appropriate county, and notice was given at the sale which occurred later in the day. After the sale, this bill was brought to set the same aside, on the ground that it was void.

The respondent moved to dismiss, claiming that the act is really not a bankruptcy act; therefore not within the spirit of the constitutional provision which gives Congress the power to pass bankruptcy statutes (Const. art. 1, § 8, cl. 4), and that subsection (s) is confiscatory and unconstitutional when measured by the provisions of amendment 5.

The first objection may be overruled, even though it supports the ground for serious consideration, on the authority of such cases as In re Landquist (C. C. A.) 70 F. (2d) 929; In re Burgh (In re Parmenter) (D. C.) 7 F. Supp. 184; In re Weissbaum (D. C.) 2 F. Supp. 967; In re Collier (D. C.) 4 F. Supp. 700; In re Doelger (D. C.) 6 F. Supp. 776; In re Looker (D. C.) 6 F. Supp. 571, 24 A. B. R. (N. S.) 440; In re Conciliation Commissioner (D. C.) 5 F. Supp. 131; In re Bradford (D. C.) 7 F. Supp. 665, September 19, 1934; Hanover Nat. Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113.

The exercise by the Congress of a constitutional authority does not necessarily mean that all of the authority embraced in

such provision has been covered. Subsequent movements on the economic checkerboard may uncover ground for additional legislation and the last effort be as valid as the first.

The other objection urged to the crudity and apparently confiscatory character of subsection (s) may be conceded to be good without so deciding. But see opinion of Judge Dawson of Kentucky in In re Radford, 8 F. Supp. 489, decided Nov. 14, 1934.

A trial court who sits in this portion of the state, where for several successive seasons the whole face of the earth has been blighted by drouth, is forced to view with complacency almost any effort for the relief of those who depend upon the fruit of the soil for a livelihood. Likewise the mind of the judge must be open for the appropriate reception and careful study of any properly fathered effort for the relief of the present situation.

Having said that much, in this case, and reserving for decision the points raised, if and when again suggested, it seems to me that the bill should be dismissed, not on the last-mentioned grounds, at the present time, but because of the fact that there is no real issue to be decided here.

The conciliation commissioner has taken no steps, such as the act provides. There is, as yet, no conflict that can be appropriately settled here. There has been no effort to conciliate the creditor and the debtor. It is possible that they might agree upon a settlement. Nothing has been done save and except to file this bill to set aside the sale made under the authority of the state court.

Section 75 (o) of the act (11 USCA § 203 (o) provides that:

"The following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section:  *  *  *

"(1) Proceedings for any demand, debt, or account, including any money demand;

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land;  *  *  *

"(5) Proceedings to sell land under or in satisfaction of any judgment.  *  *  *"

Clearly this paragraph, if valid, invalidates the sale that took place in the state court after the farmer had filed his petitions in the National Court. But, conceding that, to act now and so declare would be anticipatory. The conciliation commissioner should go forward and proceed to take such steps as the law fixes. These steps might result in the coming together of the farmer and his creditor. If they do not so result, then the commissioner, joined by the farmer, may again come into court and preserve the possession and the property under the terms of the law, provided the law is constitutional, and at that time the battle may be appropriately waged.

Motion to dismiss is sustained, without prejudice.