of mail by American ships to the cities of Panama and Colon, including their harbors. The Supreme Court did not hold that the places involved were in a foreign country, but only that the places named should be treated as "foreign ports" within the meaning of the statute dealt with. It was made plain that this conclusion was because the legislative and executive branches of the government were shown to have employed this interpretation of the particular statute for a long time previously.

Motion to dismiss the complaint denied. The defendants may have ten days in which to answer. Settle order on two days' notice.

Judge Dawson of the United States District Court for the Western District of Kentucky, in Re William W. Radford, Sr., 8 F.Supp. 489, the constitutionality of the act was upheld. The reasoning of that decision is sound in my opinion and is adopted here.

Decrees upholding the Frazier-Lemke Act may be entered in all cases where its validity is attacked.

RAGON, District Judge, concurs in this holding.

## In re CONSTITUTIONALITY OF FRA-ZIER–LEMKE ACT.

### GALLOWAY v. UNION TRUST CO.

District Court, E. D. Arkansas, W. D.
Dec. 8, 1934.

J. A. Comer, of Little Rock, Ark., for bankrupt.

Rose, Hemingway, Cantrell & Loughborough (by A. W. Dobyns), of Little Rock, Ark., for Union Trust Co., objecting creditor.

Before MARTINEAU and RAGON, District Judges.

MARTINEAU, District Judge.

Only the constitutionality of the Frazier-Lemke Act (Bankr. Act § 75 (s), 11 USCA § 203 (s) is involved at this time.

No appellate court has passed upon this question. In a very able and comprehensive opinion, delivered November 14, 1934, by

## In re OETMAN.
### No. 5825.

District Court, W. D. Michigan, S. D.
Dec. 19, 1934.

