## In re OETMAN.
### No. 5825.

District Court, W. D. Michigan, S. D.
Dec. 19, 1934.

John J. Smolenski, of Grand Rapids, Mich., for debtor.

Perle L. Fouch, of Allegan, Mich., for petitioners.

Joseph M. Donnelly, U. S. Atty., of Grand Rapids, Mich., amicus curiæ.

RAYMOND, District Judge.

A petition has been filed praying for the dismissal of the order of adjudication and the order of reference heretofore made upon petition by debtor under the so-called Frazier-Lemke Amendment (Bankr. Act § 75 (s), 11 USCA § 203 (s). The petition attacks the constitutionality of the amendment. A similar issue has been presented in several other cases. In the case of In re Bradford (D. C. Md.) 7 F.Supp. 665, the amendment was declared unconstitutional. A like ruling was made, without written opinion, by Judge Luther B. Way, in the District Court of the Eastern District of Virginia, in the case of In re Conquest. In the following cases, the amendment has been held constitutional: In re Radford (D. C. Ky.) 8 F.Supp. 489, 26 A. B. R. (N. S.) 473; Paine v. Capital Freehold Land & Trust Co. (D. C. Tex.) 8 F.Supp. 500, 26 A. B. R. (N. S.) 470; and In re Cope et al. (D. C. Colo.) 8 F.Supp. 778, and Judges Martineau and Ragon, in the District Court for the Eastern District of Arkansas in Re Constitutionality, 9 F. Supp. 575, have recently held likewise.

Excellent statements of reasons urged both for and against the constitutionality of the amendment are found in several of the foregoing cases. Careful consideration of these authorities brings conviction that the question is not free from doubt. In this situation, the principle is applicable that only when the incompatibility between an act of congress and the Constitution is clearly apparent should the act be declared void. The hesitation on the part of courts to so declare is forcibly brought to mind when it is considered that during the first one hundred years of the existence of our government only twenty-two acts of Congress were declared unconstitutional by the Supreme Court of the United States.

In the case of Fletcher v. Peck, 6 Cranch (10 U. S.) 87, 128, 3 L. Ed. 162, Chief Justice Marshall said: "The question, whether a law be void for its repugnancy to the constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case. The court, when impelled by duty to render such a judgment, would be unworthy of its station, could it be unmindful of the solemn obligations which that station imposes. But it is not on slight implication and vague conjecture that the legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other." And in the case of Nicol v. Ames, 173 U. S. 509, 514, 19 S. Ct. 522, 525, 43 L. Ed. 786, it was stated: "It is always an exceedingly grave and delicate duty to decide upon the constitutionality of an act of the congress of the United States. The presumption, as has frequently been said, is in favor of the validity of the act; and it is only when the question is free from any reasonable doubt that the court should hold an act of the lawmaking power of the nation to be in violation of that fundamental instrument upon which all the powers of the government rest."

These principles which are recognized by the Supreme Court render it certainly true that trial courts should carefully limit the exercise of their power to declare acts of Congress unconstitutional. This rule has been clearly recognized with reference to the Frazier-Lemke Amendment in the cases of In re Moore et al. (D. C. Pa.) 8 F.Supp. 393, and In re Coller (D. C. Pa.) 8 F.Supp. 447.

The prayer for dismissal of the petition upon the ground of unconstitutionality must therefore be denied, and an order will be entered accordingly.

It is asserted in the brief of petitioners that no proposition for compromise or extension has been at any time submitted by debtor. The report of the Conciliation Commissioner is obscure as to whether or not this is the fact, and there is nothing in the record of the case to sustain the assertion. The intent of the amendment seems clear that a proposal for composition or extension must have been filed with the Conciliation Commissioner before the right to file under section 75 (s) can arise. The first sentence of the amendment indicates that the right is conditional upon failure to obtain acceptance of a composition or extension proposal, or upon a grievance which arises out of the composition or extension approved. In the

case of In re Samuelson (D. C. S. D. Iowa) 8 F.Supp. 473, 474, it is said: "A reading of the first two sentences of the Frazier-Lemke Amendment (Bankr. Act § 75 (s), 11 US CA § 203 (s) clearly indicates a disagreement between the debtor and his creditors as to a composition or extension proposal or proposals must exist before and as a condition precedent to any right of the debtor to amend his petition and ask for proceedings under the provisions of the Frazier-Lemke Amendment. And unless a written proposal of composition or extension is made as requested by the debtor in his original petition, it would indicate that the original petition was not filed in good faith and should be dismissed."

The case of In re Coller (D. C. Pa.) 8 F. Supp. 447, also holds that the right to amend under subdivision (s) extends only to those who have failed to secure the approval of creditors to an offered plan of extension or those who are dissatisfied with the extension plan approved by creditors, and that it does not extend to the debtor who submits no plan for extension.

Because of the doubt which exists whether debtor complied with the conditions precedent to amendment under 75 (s), the order of dismissal hereinbefore directed is without prejudice to the right of petitioners to file a further application for dismissal with suitable averments of lack of jurisdiction.