## In re MUNSON.

### No. 27614.

District Court, E. D. New York.

July 16, 1935.

Frank R. Serri, of Brooklyn, N. Y. (William P. McCool, of New York City, of counsel), for debtor.

John J. Knob, Deputy Co. Atty., of Long Beach, L. I., N. Y., for Nassau County.

GALSTON, District Judge.

This is an application to restrain Harry L. Hedger, treasurer of Nassau county, from selling property of the debtor at a tax sale of the county of Nassau.

On February 14, 1935, the debtor filed his petition under section 74 of the Bankruptcy Act, as amended (11 USCA § 202), seeking an opportunity to present a composition or extension proposal. The principal assets of the debtor consist of a large tract of land in a real estate development at Flower Hill, Nassau county, upon which there are mortgages and as against which real estate taxes have accrued. The treasurer of Nassau county, pursuant to law, advertised certain parcels of this real estate belonging to the debtor to be sold July 1, 1935, for unpaid taxes.

It is urged that the sale of these lands for unpaid taxes would impede and impair the debtor's efforts at rehabilitation and interfere with the presentation by him of any plan or proposal for composition or extension of time for the payment and adjustment of his debts. The petitioner urges that if the tax sale is stayed, he will be able within a reasonable time to present a feasible plan to take care of his debts in which provision will be made for the payment of the tax claims.

The critical question presented is whether a tax sale interferes with any property right of the debtor. Section 74 of the Bankruptcy Act (11 USCA § 202) defines the term "debt," so far as the purposes of the act are concerned, to include "all claims of whatever character against the debtor or his property." It would seem, therefore, clear that for the purposes of the act the county claim for unpaid taxes is a debt against the property of this debtor.

[2] Section 74, as amended, with section 77 and 77B (11 USCA §§ 202, 205, 207), is specifically designed to give relief to the debtor. There can be no doubt that this court has power to stay interference with the property of the debtor so long as it is in the actual or constructive possession of the debtor. Subdivision m of section 74, as amended, provides that upon the filing of the debtor's petition the debtor and his property shall be subject to the exclusive jurisdiction of the court in which the order approving the petition is filed. Subdivision n enables the court to enjoin secured creditors who may be affected by the extension proposal.

Now it may be argued that the tax liens cannot be affected by a composition or plan for extension, and that because of that the county is not a creditor in the sense that any plan can affect its claim. Nevertheless, the object of relief to the debtor would be destroyed in the circumstances presented if the debtor's property were interfered with through the medium of a tax sale. It is true that for a limited period, four years, he would have the power of redemption. That power might not appeal to his creditors. It would appear that he would be in better position to deal with his creditors if he continued to hold the legal title to his property. That this court has power to stay a state officer in the exercise of his statutory duty seems reasonably clear. In re Coney Island Hotel Corporation (D. C.) 9 F. Supp. 329, and White Truck & Transfer Company.[1]

At the argument the county urged that what it was selling was not the property of the debtor but its own claim for taxes. If that were so, ground would exist for denying this motion. However, section 85 of the Tax Law relating to Nassau county provides that the "County Treasurer shall * * * commence the sale of lands specified in such notice of sale." Thus it would appear that what the county sells is not merely its tax lien but the land.

Nevertheless, it would be unfair to prevent the county from exercising its right for an unreasonable period. This court approved the petition herein as having been filed in apparent good faith. That connotes an understanding that an offer of composition or extension will be presented to creditors within a reasonable period. It would be unreasonable to ask the treasurer of Nassau county to keep his books open indefinitely. Accordingly, this application for an injunction is granted with leave, however, to the county of Nassau, if an offer of composition or an extension has not been proposed by the debtor and accepted

---

[1] Decided by United States District Court, Southern District of California, September 4, 1934, no written opinion filed.

by the creditors, and which will be of such nature as will embrace a provision for the payment of its unpaid taxes, to move to vacate the stay after the lapse of such reasonable period.

Settle order on notice.