William F. Walsh, alleging that he is a bondholder and a stockholder of the Pressed Steel Car Company, has filed a petition in this court asking that the court require the trustees in bankruptcy to appear as parties defendant in a suit brought by Walsh in the Supreme Court of New York county, N. Y., against George D. Wick and Walter A. Bonitz, as trustees in bankruptcy of Pressed Steel Car Company, Arthur E. Braun, John F. MacEnulty, Henry P. Hoffstot, Robert J. Dodds, Oakley L. Alexander, Charles L. McCune, Nathaniel S. Reeder, J. S. Skelly, and Frank N. Hoffstot, asking to recover judgment against the defendants who are directors of the Pressed Steel Car Company for the losses alleged to have been sustained by the company by reason of certain alleged wrongful acts and negligence of these director defendants.

### In re WALSH.
### No. 25856.

District Court, W. D. New York.
Feb. 13, 1937.

Saperston, McNaughton & Saperston, of Buffalo, N. Y., for debtor.

Nash & Mutzabaugh, of Bradford, Pa., for creditor.

KNIGHT, District Judge.

This is a motion to stay the sale of certain real property advertised to be sold pursuant to a judgment recovered more than four months prior to the filing of a petition herein under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202). The question involved is whether such a judgment constitutes a lien on the debtor's property and as such is subject to the jurisdiction of the bankruptcy court and sale thereon can be enjoined. The right to a stay must be found under the provisions of section 74. Under the provisions of the Bankruptcy Act prior to the enactment of section 74, the court would be without jurisdiction to stay the sale. Section 74, Subdivision (i), 11 U.S.C.A. § 202(i), reads: "Upon its confirmation an extension proposal shall be binding upon the debtor and his unsecured and secured creditors affected thereby: Provided, however, That such extension or composition shall not reduce the amount of or impair the lien of any secured creditor, but shall affect only the time and method of its liquidation." Subdivision (m), 11 U.S.C.A. § 202(m), reads: "The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition * * * is filed, and this shall include property of the debtor in the possession of a trustee * * * or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings; Provided, That it shall not affect any proceeding in any court in which a final decree has been entered." Subdivision (n), 11 U.S.C.A. § 202(n), reads: "In addition to the provisions of Section 11 of this act [section 29 of this title] for the staying of pending suits, the court, * * * may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

The only question, if any, which can arise with reference to the application of the language of these sections to the instant case comes from that quoted part of subdivision (m) which reads: "Provided, That it shall not affect any proceeding in any court in which a final decree has been entered." While upon the sale upon an execution there may be no provision for a decree subsequent to the sale, and hence the instant case might appear to be within such exception, it seems to me this is to be read in connection with subdivision (n) and the purpose of the entire section 74. There is nothing to show that the restraining of the sale would affect the interest of the judgment creditor having the lien. The security remains. Through the composition and under section 74 the debtor and his other creditors may benefit by restraining the sale.

Cases in which similar situations have been passed upon in harmony with the view here expressed are: In re Looker (D.C.) 6 F.Supp. 571; In re Munson (D.C.) 11 F.Supp. 564; In re Collier (D.C.) 4 F. Supp. 700; In re Weissbaum (D.C.) 2 F. Supp 967.

Cases cited by the respondent, Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 467, 75 L.Ed. 1060; Beeler v. Schumacher (C. C.A.) 80 F.(2d) 715, are not in point. The Schumacher Case concerns the ordinary and usual bankruptcy proceeding and not one under section 74. Straton v. New was decided prior to the enactment of section 74. In the latter case the court states: "The bankruptcy law contains no express provision preserving liens acquired by legal proceedings more than four months before the petition is filed. * * * It has consequently been held that those acquired earlier * * * will be accorded priority by the bankruptcy court * * * in accordance with applicable local law." The court also said in that case: "and a creditor holding a valid judgment more than four months old will be enjoined from enforcing its lien by suit brought after the date of the petition."

The motion is granted.