## In re KRULL.
### No. 9646.

District Court, M. D. Pennsylvania.

Dec. 3, 1937.

Paul J. Schmidt, of Wilkes-Barre, Pa., for creditor.

H. H. Weintraub, of Wilkes-Barre, Pa., for debtor.

JOHNSON, District Judge.

This is a petition to review a report of the special master recommending that an order restraining a mortgage creditor from foreclosing on the mortgage be made permanent.

In 1932 the debtor executed a bond and mortgage for the principal sum of $2,700 in favor of Michael Kieda. The debtor defaulted on the mortgage, and in January, 1937, judgment was entered on the bond accompanying the mortgage. A fi. fa. was issued on the judgment and the debtor's property was advertised for sale. On September 1, 1937, prior to the sale, the debtor filed his petition for an extension under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202), and a rule and temporary restraining order were issued against the mortgage creditor. The mortgage creditor moved to dismiss the restraining order, alleging that the court had no jurisdiction to restrain the mortgage creditor because the mortgaged property was no longer in the constructive possession of the debtor and because a final decree of foreclosure had been entered prior to the filing of the debtor's petition.

Section 74 (m) of the Bankruptcy Act, as amended by the Act of June 7, 1934, § 2 (11 U.S.C.A. § 202 (m), provides: "(m) The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered."

Section 74(n), 11 U.S.C.A. § 202(n): "(n) In addition to the provisions of Section 11 of this Act [section 29 of this title] for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

The object of the relief provided by the act is to prevent all interference with the debtor's property during the extension proceeding, provided the debtor's property is still in the possession of the debtor or any officer of any court in a pending cause prior to the institution of the extension proceeding. "There can be no doubt now that no theory of custody of the res by the state court by virtue of any liquidation proceedings under the state law * * * can successfully be put forth." In re Faour et al. (C.C.A.) 72 F.2d 719, 720. "The fact that the bankruptcy court acts at the instance of the debtor in taking possession of the property, which, more than four months previous to the application, had been subject to a perfected lien by the attachment from the state court, is not decisive of the power of the bankruptcy court which in bankruptcy matters is paramount to the state court, even though the state court may have acted before the bankruptcy court had acquired jurisdiction so to do." Collins v. Welsh (C.C.A.) 75 F.2d 894, 898, 99 A.L.R. 1319; In re Walsh (D.C.) 18 F.Supp. 363; In re Munson (D.C.) 11 F.Supp. 564.

The only question here is whether a final decree had been entered in the foreclosure proceedings prior to the filing of the debtor's petition.

In support of the contention that a final decree had been entered, the mortgage creditors rely on the cases of In re Sorenson (C.C.A.) 77 F.2d 166, and In re Mitchell (C.C.A.) 77 F.2d 168. Those cases were decided upon the law of Illinois and are not controlling here. The decision of the state court as to who has title to debtor's property where foreclosure proceedings have been begun are binding on the federal court. In re Monsen (C.C.A.) 74 F.2d 411.

In Pennsylvania, when a mortgage creditor proceeds on the bond and warrant of attorney accompanying the mortgage, and obtains a judgment by confession, and a levy, he merely secures a lien on the debtor's property. The fact that he obtains a lien does not oust the jurisdiction

of the bankruptcy court. Collins v. Welsh, supra. There is nothing finally determined until there is a confirmation of the sale by the state court. Until the sale, the title and the possession of the mortgaged premises remains in the debtor or the officers of the state court. In such cases, section 74(m) specifically gives the bankruptcy court jurisdiction over the property and the power to restrain the proceedings.

Since no final decree had been entered, and the title and possession of the mortgaged property were still in the debtor or the officers of the state court, this court had jurisdiction over the mortgaged property and to issue the restraining order.

The rule to show cause why an injunction should not issue is made absolute, the petition for review is dismissed, and the debtor is directed to file his plan for an extension or composition within 20 days from this date, and upon failure to do so the proceedings will be dismissed.