**POWER-PAK PRODUCTS, INC.,** Universal Chemical Company, Lite-A-Loy Cylinder Corp., Fluid-Pak, Inc., Stanley I. Mikulec, Charlotte V. Mikulec, and Conrad Mikulec, Appellants,

v.

**ROYAL-GLOBE INSURANCE COMPANY,** Respondent.

No. BK-76-852.

United States District Court, W. D. New York.

July 8, 1977.

Williams, Stevens, McCarville & Frizzell, Buffalo, N. Y., for appellants; John T. Frizzell, Buffalo, N. Y., of counsel.

Sheldon Hurwitz, Buffalo, N. Y., for respondent; James D. Gauthier, Buffalo, N. Y., of counsel.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Power-Pak Products, Inc. ("Power-Pak"), Lite-A-Loy Cylinder Corp., Universal Chemical Co. and Fluid-Pak, Inc. appeal to this Court from the order of Bankruptcy Judge Beryl E. McGuire entered in this case on the 9th day of September, 1976, which order annulled and terminated the stay of a South Carolina declaratory judgment action as to the appellants and allowed the Royal Globe Insurance Company ("Royal Globe") to serve a summons and complaint in that action against Power-Pak and to prosecute and proceed to judgment in that action, and which order further enjoined and stayed appellants from proceeding in a New York State Supreme Court action against Royal Globe involving the same cause as does the South Carolina action.

This appeal and the proceedings in the bankruptcy court, New York State Supreme Court and South Carolina Court of Common Pleas all arise from a fire loss. On July 12, 1975 Royal Globe issued to appellants and Stanley I. Mikulec, Charlotte V. Mikulec and Conrad Mikulec, the officers and owners of the appellant corporations, ("the Insureds") a policy of insurance which provided among other provisions, coverage on a building and contents located in Spartanburg, South Carolina. On November 4, 1975, a binder was issued to provide business interruption and extra expenses coverage. On November 30, 1975, a fire loss occurred at the business in Spartanburg.

On January 29th a Proof of Loss was filed with Royal Globe with claims totalling $2,752,890.36 and on February 3rd a summons without complaint and dated January 30th was served upon Royal Globe by the appellants in an action in the Supreme Court of New York, Erie County. The Proof of Loss was rejected by Royal Globe by letter dated March 12th, and on that day Power-Pak filed its Chapter 11 bankruptcy petition. On April 26th Royal Globe instituted its action in South Carolina for a declaratory judgment as to its obligation to the appellants and the Insureds. Suit was not commenced against Power-Pak because, under Bankruptcy Rule 11–44, an automatic stay of the action as to it resulted from Power-Pak's filing under Chapter 11.

On or about July 21st the Insureds moved to stay the South Carolina proceedings because of the action pending in the New York Supreme Court. On such day the Insureds' motion was denied by the Honorable Frank Eppes, Judge of the 13th Judicial Circuit of the State of South Carolina. At the same time, Judge Eppes refused to rule whether the South Carolina action should be stayed as to Power-Pak, which had not been served in the South Carolina action, deferring on that motion to a ruling of the bankruptcy court.

On July 30th Lite-A-Loy Cylinder Corp., Universal Chemical Co. and Fluid-Pak, Inc. filed their Chapter 11 bankruptcy petitions. Thereupon, the South Carolina actions against them were automatically stayed pursuant to Bankruptcy Rule 11–44.

On or about August 10th Royal Globe filed a complaint and affidavit in the bankruptcy court to terminate the automatic stay pursuant to Rule 11–44(d) which reads as follows:

"(d) Upon the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto."

On September 9th Judge McGuire issued the order which is the subject of this appeal, terminating the stay of the South Carolina case as to the appellants, permitting service upon Power-Pak in the South Carolina action and enjoining the appellants from proceeding further in the New York action. On or about September 15th a notice of appeal was filed by appellants from that order. The motion before this Court requests that, as a matter of first impression, the application of Rule 11–44 be decided.

Prior to the enactment of Rule 11–44, which became effective July 1, 1976, a debtor who had filed a Chapter 11 petition would make application for and could receive stays of or injunctions against various kinds of suits under Bankruptcy Act §§ 314 and 11 (11 U.S.C. § 714 and § 29). The purpose of the stays or injunctions was to prevent interference with or diminution of the debtor's property during the pendency of the Chapter 11 proceeding. *In re Krull,* 21 F.Supp. 377 (M.D.Pa.1937). The bankruptcy judge had discretion to issue such stay for said purpose. However, if there was not sound reason shown to require it and there was good reason for its modification, such stay would not be rigidly enforced. *In re Zeckendorf,* 326 F.Supp. 182 (S.D.N.Y.1971).

With the enactment of Rule 11–44 there no longer was the need for the debtor to apply for such holding in abeyance of other litigation. A petition under Chapter 11 thereafter operated automatically to stay the commencement or the continued prosecution of any court or other proceeding against the debtor. The burden had been shifted to a creditor to apply under Rule 11–44(d) to have such stay annulled, terminated or modified. The criterion which is to be applied by the bankruptcy court as a prerequisite for a stay has not changed—i. e., to prevent interference with or diminution of the debtor's property during the pendency of the Chapter 11 proceeding. *Teledyne Industries Inc. v. Eon Corp.,* 373 F.Supp. 191 (S.D.N.Y.1974).

Appellants submit that the bankruptcy judge erred in the present instance in failing to make any determination with respect to the question of dischargeability and that the absence of such a determination mandates the reinstatement and continuance of the stay. Alternatively, appellants submit that the Bankruptcy Judge abused his discretion in finding that the expeditious enforcement of the Bankruptcy Act would not be promoted by a continued stay of the South Carolina action. At oral argument appellants additionally pointed out that Royal Globe never requested a stay of the New York action.

As to dischargeability, appellants do not allege on this appeal or in their opposition to Royal Globe's application to terminate the stay before the bankruptcy court that the South Carolina suit is founded upon a claim for which a discharge would be a release. Appellants' contention of error is directed to the absence of a finding by the Bankruptcy Judge in his order terminating the stay that the South Carolina suit was not a dischargeable claim. The question of dischargeability was raised by Royal Globe in its Complaint to terminate the stay wherein at Paragraph 21 it stated:

"It was not the intent of Congress to stay a declaratory judgment action of this type, since it is not a 'claim from which a discharge would be a release'. 11 USC Sec. 29. (Nothing in Bankruptcy

Rule 11–44 indicates the contrary. See R 11–44(a) Advisory Committee Note.)"

Paragraph 16 of appellants' Answer implies a contrary position:

"It is respectfully submitted that it was the intent of Congress to stay a declaratory judgment action of this type."

The bankruptcy court's order does not mention the subject of dischargeability.

■ The rule that the granting or refusing of a preliminary injunction ordinarily rests in the sound discretion of the trial court and that a review by an appellate court is limited to the question whether there has been an abuse of discretion in granting the writ does not apply to an appeal from an order dissolving a preliminary injunction. In such case the appellate court is not limited to the question of possible abuse of discretion but may inquire into all circumstances connected with the proceedings as they appear of record and the effect the dissolution may have on the rights of the parties. *Bothwell v. Fitzgerald,* 219 F. 408, 414 (9th Cir. 1915). Viewing the South Carolina suit in the light of the presumption that a judgment is dischargeable unless, when read with the record behind it and without extraneous evidence, it is shown to be one necessarily included within the exception to the general rule (*In Matter of De Lauro,* 1 F.Supp. 678 (D.Conn.1932)), I find that Royal Globe's declaratory judgment action is not a claim for which a discharge would be a release. Royal Globe is more properly described as a debtor of appellants than as their creditor. The Bankruptcy Judge's failure to comment on dischargeability does not require reversing his order terminating the stay of the South Carolina action.

Appellants' alternative argument that permitting the continuance of the South Carolina suit is an abuse of discretion because its prosecution will interfere with the proper and speedy enforcement of the provisions of the Bankruptcy Act is similarly unpersuasive. Appellants are not requesting that all actions on the fire insurance policy be stayed, but instead are attempting to use Rule 11–44 to enable them to choose the forum in which the action is to be tried. The statutory purpose of such a stay is to conserve a debtor's assets and aid in the estate's administration by the bankruptcy court. To uphold the appellants' position would be to abuse such purpose.

■ I am, however, troubled by the stay of the New York action because Royal Globe did not request such relief. The Bankruptcy Judge made no finding that the continuation of the New York action would adversely affect the assets of the bankrupts. Although an order of the bankruptcy court granting leave to sue is not a prerequisite to a suit by a trustee (*Re Barker Piano Co.,* 233 F. 522 (2d Cir.), *cert. denied sub nom. Commercial Security Company v. Dunning,* 242 U.S. 639, 37 S.Ct. 111, 61 L.Ed. 541 (1916)), appellants' failure to request permission to continue their New York action prompted the Bankruptcy Judge to stay that action. Nevertheless, I find no abuse of discretion in such a stay because of the special status of appellants as debtors-in-possession. It is provided in 11 U.S.C., Chapter 11, § 742 that:

"Where no receiver or trustee is appointed, the debtor shall continue in possession of his propetry [sic] and shall have all the title and exercise all the powers of a trustee appointed under this title, subject, however, at all times to the control of the court and to such limitations, restrictions, terms, and conditions as the court may from time to time prescribe."

■ The debtor-in-possession, like a trustee, is an officer of the bankruptcy court subject to the Bankruptcy Judge's complete power to control. *City of New York v. Rassner,* 127 F.2d 703 (2d Cir. 1942); *Moore v. Linahan,* 117 F.2d 140 (2d Cir.), *cert. denied sub nom. Sargent & Company v. Moore,* 314 U.S. 628, 62 S.Ct. 59, 86 L.Ed. 504 (1941). In other words, a debtor-in-possession has no power except such as the court may allow. *In re Standard Commercial Tobacco Co.,* 34 F.Supp. 304, 308 (S.D.N.Y.1940). In exercising his exclusive authority over the debtor and its property by direction of the activity of the trustee or debtor-in-possession, the Bankruptcy Judge

is not required to find that each order will not hinder the process of reorganization. The burden is upon the debtor-in-possession in appealing from an order of the Bankruptcy Judge to show that the order will hinder the process of reorganization. Appellants have not met that burden.

It is therefore hereby

ORDERED that appellants' appeal from the Bankruptcy Judge's order staying the New York action and lifting the automatic stay of the South Carolina action is denied with costs assessed against the appellants.