In re Gilbert A. RHOADES, Sr. d/b/a Rhoades Enterprises and Blanche E. Rhoades, Debtors.

John BOURGEOIS and Marjorie Bourgeois, Plaintiffs,

v.

Gilbert A. RHOADES, Sr. d/b/a Rhoades Enterprises and Blanche E. Rhoades, Defendants.

Bankruptcy No. 82–124.
Adv. No. 83–0051.

United States Bankruptcy Court, D. Vermont.

Sept. 30, 1983.

Edward Fitzpatrick, Essex Junction, Vt., for debtors.

Neil Wheelwright, Burlington, Vt., for plaintiffs.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

## FACTS

In 1981 the defendants purchased a parcel of land from the plaintiffs for considera-

tion in the amount of $500.00 down, at closing, and a promissory note in the amount of $11,000.00 secured by a mortgage deed. On June 7, 1982 the debtor-defendants filed a petition for relief under chapter 13 of the Bankruptcy Code (Code). At that time, $10,900.00 of the principal amount of the promissory note remained outstanding, which amount remains outstanding to date.

The plaintiffs received notice of this proceeding but did not file a proof of claim by the date, December 30, 1982, set by the court as the last day for the filing of claims by secured creditors. On April 29, 1983, the plaintiffs filed a complaint for relief from the automatic stay of Code section 362(a). The defendants, in their answer, admitted the existence of the promissory note and the mortgage deed.

## DISCUSSION

### THE LIEN

■ Code section 103(a) provides that chapter 5 of the Code applies in a case under chapter 13. Code section 502 provides that, absent a timely objection, a claim, proof of which is filed, is deemed allowed. A creditor claiming security in a chapter 13 case, who fails to file his proof of claim in timely fashion, will have a claim provable only as an unsecured claim. Bankruptcy Rule 13–302 advisory committee note. (Rule 13–302 was superseded on August 1, 1983, by Rule 3002, but the rule is applicable to the instant facts occurring before August 1). A complete failure to prove the claim results in disallowance of the claim. Rules 13–302(a) and 3002(a). In the instant case, the plaintiffs did not file a proof of claim, and no claim may now be proved, the time for the filing of claims having expired. Not having an allowed claim, the plaintiffs have no right to distribution in satisfaction of an alleged claim under the debtors' chapter 13 plan. *See, e.g., In re Brill,* 52 F.2d 636 (S.D.N.Y.), *aff'd* 52 F.2d 639 (2d Cir.1931); *In re Pennetta,* 19 B.R. 794, 6 CBC 2d 462 (Bkrtcy.D.Colo. 1982).

The application of Rule 13–302, like the application, generally, of the Bankruptcy Rules and the administrative provisions of the Code, does not void the property interest of the mortgagee who has not filed a proof of claim. Procedurally, the filing of a petition creates the debtor's estate which consists of such property as the debtor, immediately prior to the filing of the petition for relief, may have. Code § 541. The confirmation of a chapter 13 plan vests all the property of the estate in the debtor. Code § 1327(b). Except as otherwise provided for in the plan or in the order confirming the plan, the property vesting in the debtor under subsection 1327(b) is free and clear of any claim or interest of any creditor provided for by the plan. Code § 1327(c). Thus, chapter 13 debtors obtaining confirmation of a plan prospectively hold property vesting in them, from the estate, free of claims or interests of creditors provided for by the plan.

The instant chapter 13 plan requires that "zero payment" be distributed to creditors who filed no proof of claim. In claiming that the plaintiffs are provided for by the instant plan, Answer para. 7, the debtors read Code section 1327(c) to mean that the insertion of a provision in the plan requiring "zero payment" to creditors not filing claims, is the equivalent of "providing for" such creditors in the plan. The Code, however, uses terms in their ordinary sense unless specially defined in Code section 101. *See,* Code § 101 comment (MB ed.) (unless otherwise defined, terms are construed in accordance with "common excepted meaning"). Code section 101 does not define the term "provide;" Black's law dictionary does: "to furnish, supply, contribute." To furnish, supply or contribute "zero payment" is not to furnish, supply or contribute at all. On this basis, a plan contemplating "zero payment" to a creditor does not provide for that creditor as the term "provide" is used in the Code.

■ It follows that, upon confirmation of the plan, the property vesting in the debtors free and clear of any claim or interest of any creditor provided for by the plan,

does not include property of the estate in which a creditor not provided for by the plan holds an interest. Upon confirmation of a plan, the latter category of property—property of the estate in which creditors not provided for by the plan hold interests—vests in the debtor subject to such creditors' interests, for the reason that, under Code section 541(a), such property passed to the estate subject to such interests, and Congress never intended to permit a debtor to free his assets of all encumbrances simply by passing those assets through the estate. *See, In re Honaker,* 4 B.R. 415, 2 CBC 2d 208 (Bkrtcy.E.D.Mich.1980); 3 *Collier on Bankr.* (15th ed. 1979 rev. 1983) [*Collier*] ¶ 1327.01[3] at page 1327–5 ("there appears to be no sound reason for lifting liens by operation of law at confirmation under chapter 13").

That the liens of creditors filing no proof of claim are unimpaired by bankruptcy proceedings, *In re Honaker,* 4 B.R. at 416, 2 CBC 2d at 211, is made clear by the text of Code section 506(d). The section provides that a "lien is void unless a party in interest has not requested that the court determine and allow or disallow" such lien; thus, if (as in this case) the court makes no determination as to a creditor's secured status, the lien is not void. As noted in 3 *Collier* ¶ 506.07 at page 506–48, "if no party in interest requests allowance or disallowance of [the lienholder's] claim, his lien survives the bankruptcy case even if the entire personal liability of the debtor is extinguished." *See, In re Weathers,* 15 B.R. 945 (Bkrtcy.D.Kan.1981) (where no party in interest requested allowance or disallowance of secured claim, lien was not avoided).

### THE REQUEST FOR RELIEF FROM STAY

As plaintiffs' lien survives plaintiffs' failure to seek allowance of their secured claim, *see, Matter of Hines,* 20 B.R. 44, 48, 49, 6 CBC 2d 689, 694, 695 (Bkrtcy.S.D.Ohio 1982); *see also,* House Report No. 95–595, 95th Cong., 1st Sess. (1977) 357, 361 [U.S. Code Cong. & Admin.News (1978) 5787, 5862, 6317]; *compare,* Senate Report No.

95–989, 95th Cong., 2d Sess. (1977) 68, 76 [U.S.Code Cong. & Admin.News (1978) 5787, 5862], the plaintiffs have "an interest in property of the debtor" under Code section 362(d)(1). *See, In re Williams,* 7 B.R. 234, 237, 3 CBC 2d 409, 411 (Bkrtcy.M.D.Ga. 1980). The plaintiffs, therefore, are "a party in interest" as contemplated by Code section 362(d), and they may seek relief from stay under that subsection. *See, In re Honaker,* 4 B.R. at 417, 2 CBC 2d at 211.

Code section 362(d) and 362(g) govern the procedure for relief from the stay of Code section 362(a). Subsection (d) provides that ". . . the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property . . . or (2) with respect to a stay of an act against property, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." Subsection (g) provides that ". . . the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues."

There is a divergence of opinion as to whether section 362(d)(2) applies to chapter 13 proceedings. Some cases have held that the subsection does not apply to chapter 13 filings. *See, e.g., In re Feimster,* 3 B.R. 11, 1 CBC 2d 956 (Bkrtcy.N.D.Ga.1979); *see also, In re Sulzer,* 2 B.R. 630, 1 CBC 2d 451 (Bkrtcy.S.D.N.Y.1980); *In re Youngs,* 7 B.R. 69, 3 CBC 2d 250 (Bkrtcy.D.C.Mass. 1980). The contrary has been held in other cases. *See, e.g., In re Crouse,* 9 B.R. 400 (Bkrtcy.S.D.Tex.1981); *In re First Conn. Small Business Investment Co. v. Ruark,* 7 B.R. 46 (Bkrtcy.D.C.Conn.1980); *In re Zellmer,* 6 B.R. 497, 3 CBC 2d 42 (Bkrtcy.N. D.Ill.1980).

■ The primary purpose of the automatic stay is to prevent the dissipation of the debtor's assets during the pendency of the bankruptcy proceeding. *Power-Pak Products, Inc. v. Royal-Globe Insurance Co.,* 433 F.Supp. 684, 686 (W.D.N.Y.1977); *In the Matter of Cuba Electric and Furniture Corp.,* 430 F.Supp. 689, 691 (D.Puerto Rico

1977); *Teledyne Industries, Inc. v. Eon Corporation,* 373 F.Supp. 191, 203 (S.D.N.Y. 1977). On this basis, the court finds more persuasive the rationale for the non-applicability to chapter 13 proceedings of subsection (d)(2) than the rationale for its applicability. If subsection (d)(2) applies, a debtor having no equity in property which is not necessary to consummate a chapter 13 plan could, through lift-stay actions, be involuntarily dispossessed of such property; the purpose, however, of chapter 13 is to enable individual debtors with regular incomes to develop and perform a plan for the repayment of debts over an extended period of time. *Matter of Breuer,* 4 B.R. 499, 501–502 (Bkrtcy.S.D.N.Y.1980). The emphasis is on providing individuals with regular incomes an alternative to liquidation. *In re Youngs,* 7 B.R. at 70, 3 C.B.C.2d at 252. Hence, it is the ability of the individual debtor to furnish the creditor with the value of his interest which is the key to the protection of the chapter 13 creditor. Conversely, where the debtor does not furnish the creditor with the value of his interest or does not provide the creditor with adequate protection of his interest in the property of the debtor, the creditor is entitled to relief and "the court shall grant relief from the stay . . . for cause." In either case, whether the collateral being retained by the debtor is necessary to the subsistence or rehabilitation of the debtor, or whether the debtor has any equity in the collateral, are not factors of concern relevant to chapter 13 proceedings. *In re Feimster,* 3 B.R. at 14, 1 CBC 2d at 960.

As to whether the stay must be terminated under subsection 362(d)(1) "for cause," the burden is on the debtors to establish an absence of cause. Code § 362(g). Absence of cause may be established by a showing of "adequate protection of an interest in property of [the] party in interest". Code § 362(d)(1). There is no precise definition in the Code for the term "adequate protection" but the legislative intent inherent in the term is that the holder of an interest in property affected by the section 362(a) stay be provided with the "indubitable equivalent" of his interest in property. Code

§ 361(3). *In re Murel Holding Corporation,* 75 F.2d 941 (2d Cir.1933) (Learned Hand, J.).

The court notes that the debtors have submitted a plan under which the plaintiffs are to be paid "zero payment;" moreover, under the debtors' plan, "title to the debtors' property" is to "revest in the debtor . . ." Although in the debtors' chapter 13 statement the plaintiffs are listed as secured creditors holding an interest in real property of the debtors, the instant plan makes no provision that plaintiffs' lien be retained throughout the proceeding or that, during the extension period, the plaintiffs be provided with the indubitable equivalent of their mortgagee's interest. The absence in the plan of any provision to safeguard the interest of the plaintiffs in property of the debtors, belies the proposition that the plaintiffs are "provided for" by the plan, and belies any suggestion that the plaintiffs' interest is adequately protected.

Under subsection (d)(1) the concept of adequate protection is intertwined with the concept with relief from stay "for cause." As there is no "adequate protection of an interest in property of [the] party in interest," cause has been established for relief from the automatic stay of Code section 362(a). At hearing, the defendants presented no evidence or testimony to meet their burden of showing an absence of cause. Therefore, pursuant to Code section 362(d), ". . . the court shall grant relief from the stay . . ."

## ORDER

In accordance with the foregoing,

IT IS ORDERED,

that the automatic stay be and hereby is terminated as to the real property which is the subject matter of this adversary proceeding.