In re James **THOMAS** and Linda Thomas, Debtors.

**SOUTHTRUST BANK OF ALABAMA, N.A., as Assignee of SouthTrust Mobile Services, Plaintiff–Appellee.**

v.

James **THOMAS** and Linda Thomas, **Defendants–Appellants.**

No. 88–7613.

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1989.
Rehearing Denied Oct. 23, 1989.

Thomas J. Knight, Anniston, Ala., for defendants-appellants.

Carlos Heaps and Allen Ramsey, Heaps & Ramsey, Birmingham, Ala., for plaintiff-appellee.

Romaine S. Scott, III, Balch & Bingham, Birmingham, Ala., for Amicus Curiae, Alabama Power Co.

Before RONEY, Chief Judge, and HILL, Circuit Judge, and HOWARD *, Chief District Judge.

## BACKGROUND

HOWARD, Chief District Judge:

The facts of this action are basically undisputed.[1] On October 11, 1983, the debtors granted a purchase money security interest in a 1982 Commodore Frontier mobile home to SouthTrust Mobile Services, Inc. (SMSI). SMSI assigned its rights as secured party to SouthTrust Bank of Alabama, N.A. (SouthTrust). SouthTrust properly perfected its security interest in the mobile home by filing a financing statement as required under Alabama law. The debtors filed their bankruptcy petition under Chapter 13 on March 2, 1987, and scheduled SouthTrust as a secured creditor in the amount of $11,621.93. In said petition the debtors valued the mobile home at $8,000.00[2] and claimed no exemptions thereon. The debtors' concurrently-filed plan provided that "[t]he debtor(s) propose to pay in full all allowed claims, from future income, through the Chapter 13 trustee," that "[t]he holder of each filed and allowed secured claim shall retain the lien securing such claim until the claim is satisfied under the plan or the debt is otherwise satisfied," and that an interest factor of 11% be added to secured claims which claims were not to be paid immediately upon confirmation of the plan. On March 5, 1987, the bankruptcy court clerk mailed to all creditors (including SouthTrust) a notice advising that the debtors' petition had been filed, that the meeting of creditors would be held on April 8, 1987, that

---

* Honorable Alex T. Howard, Jr., Chief U.S. Judge, District Judge for the Southern District of Alabama, sitting by designation.

1. The facts stated in this opinion are largely a composite of the facts set forth in the opinions of the bankruptcy court and the district court.

2. SouthTrust does not dispute this valuation.

the bar date for filing claims was July 7, 1987, and that the confirmation hearing would be held July 22, 1987. The notice included a copy of a portion of the plan showing the provisions referred to above. SouthTrust did not file a proof of its claim in this case by July 22, 1987, (much less than by the bar date of July 7, 1987), but SouthTrust was represented by legal counsel at the hearing on confirmation of the debtors' plan on July 22, 1987. No objection was made to the plan, and said plan was confirmed by the order of the bankruptcy court dated July 27, 1987. No appeal was taken as to the confirmed plan. Since no claim was ever made as to the mobile home[3], the confirmed plan contained no provision for the payment of the debt owed to SouthTrust. The confirmation order included these provisions:

5. The holder of each allowed secured claim provided for by the plan shall retain such creditor's interest in the property of the debtor(s) which secures the claim, until such claim has been satisfied;

6. The property of the estate shall not vest in the debtor(s) until a discharge is granted under said Chapter 13 or this case is dismissed out of Court.

Absent from the plan and the order confirming the plan was any provision that the debtors not "remain in possession of all property of the estate".

On August 4, 1987, SouthTrust sought relief from the automatic stay provided for by 11 U.S.C. § 362, by way of leave to foreclose its security interest in the mobile home. The debtors objected to the motion, and the bankruptcy court took the matter under submission after a hearing. The debtors did not obtain an order from the bankruptcy court that the stay continue in force, and by virtue of a provision of 11 U.S.C. § 362(e)[4], the stay under § 362 terminated automatically as to SouthTrust on September 3, 1987, prior to the bankruptcy court ruling on the matter.[5] On October 15, 1987, SouthTrust sued the debtors in state court for possession of the mobile home or, alternatively, for its value and for "damages for [its] detention, interest, and cost." However, SouthTrust's counsel represented to the bankruptcy court and to this Court that—notwithstanding the language of the detinue complaint—SouthTrust does not seek from the debtors any damages arising after the filing of the bankruptcy petition. In response to the filing of the foreclosure proceeding in state court, the debtors filed a complaint in the bankruptcy court seeking preliminary and permanent injunctions, a monetary judgment for damages, and other relief. On February 1, 1988, the bankruptcy court entered a temporary injunction forbidding SouthTrust from proceeding with its efforts to obtain possession of the mobile home from the debtors. After a hearing

---

**3.** On July 29, 1987, two days after the bankruptcy court entered an order confirming the plan, SouthTrust apparently attempted to file a proof of claim, which proof of claim was returned to SouthTrust with a copy of the bankruptcy court's administrative order dealing with late claims, together with a "BK–18" form which was in essence a cover letter for the proof of claim. The administrative order provided a procedure for a claimant to have twenty days to object to its claim not being deemed to have been filed and allowed, and presented an opportunity for such a creditor to request a hearing. SouthTrust did not follow this procedure.

**4.** 11 U.S.C. § 362(e) states:

Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court,

after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing.

**5.** The bankruptcy court never did rule on the matter, apparently since the court believed the issue was moot after September 3, 1987.

on the matter on February 2, 1988, the bankruptcy court orally ruled that South-Trust was bound by the terms of the debtors' confirmed Chapter 13 plan not to proceed against the debtors or the property and that the debtors were entitled to the relief they sought. The bankruptcy court entered its written findings and conclusions in a lengthy order dated March 31, 1988. 85 B.R. 608.

SouthTrust appealed the bankruptcy court's decision to the district court. The issue addressed by the district court was "whether the bankruptcy court erred in reimposing the stay against a secured creditor which had obtained relief from stay under [11 U.S.C.] § 362(e) to prevent the creditor's recovery of its collateral where the creditor's secured claims were not provided for in the Debtors' confirmed Chapter 13 plan and the Debtors claimed no equity in the collateral." In the conclusion of its lengthy opinion, the district court reversed the bankruptcy court, holding as a matter of law "that the lien of SouthTrust upon the mobile home has not been invalidated by the Debtors' Chapter 13 confirmed plan, and that SouthTrust is entitled to relief from the stay to pursue its detinue action to recover possession of the mobile home because the Debtors afford no adequate protection of SouthTrust's security in their confirmed plan and the Debtors claim no equity in the mobile home." 91 B.R. 117. The district court's ruling permitted SouthTrust to retake the mobile home. However, on November 1, 1988, a panel of this Court granted to the debtors a stay pending final disposition of this appeal, and consequently, the debtors currently have possession of the mobile home pending the ruling of this Court.

## DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. § 158(d).[6]

The applicable standard of review regarding findings of fact is set forth in bankruptcy rule 8013:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Bankruptcy rule 8013.

The standard of review to be utilized by the court of appeals is the same as that to be utilized by the district court—"factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous." *In re Downtown Properties, Ltd.,* 794 F.2d 647, 651 (11th Cir.1986) (citing *In re Chalik,* 748 F.2d 616, 619 (11th Cir.1984).

Regarding the legal conclusions of the lower courts, they "are subject to complete review by this court." *T & B General Contracting, Inc.,* 833 F.2d 1455 at 1460 (11th Cir.1987) (citing *Monson v. First National Bank of Bradenton,* 497 F.2d 135 (5th Cir.1974)). *Accord In re Fielder,* 799 F.2d 656, 657 (11th Cir.1986) (While "this court as an appellate court gives deference to all findings of fact by the fact finder if based upon substantial evidence, [this court] freely examines the applicable principles of law to see if they were properly applied and freely examines the evidence in support of any particular finding to see if it meets the test of substantiality.").

### I.

■ Our first concern is whether the mobile home is "property of the estate" as that term is defined in the bankruptcy code. The applicable section is 11 U.S.C. § 541,[7] which provides that "property of

---

**6.** 28 U.S.C. § 158(d) states, "The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." 28 U.S.C. § 158(a) sets forth the jurisdiction of the district courts to hear the appeals

from final judgments, decrees and orders entered by the bankruptcy courts.

**7.** Unless otherwise noted, all referenced statutory sections are from Title 11 of the United States Code.

the estate" includes in general "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). § 541(b) & (c) set forth narrow exceptions to the interests of the debtor which are not considered as property of the estate; these exceptions are not applicable to this appeal. § 541(d) provides more specifically that

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

As the United States Supreme Court has noted, the phrase "all legal and equitable interests of the debtor in property as of the commencement of the case" is to be broadly construed so as to effectuate the intent of Congress that "a broad range of property [ ] be included in the estate." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). *Accord In re May*, 83 B.R. 812, 813–14 (Bankr.M.D.Fla.1988); *Matter of Nichols*, 42 B.R. 772, 775–76 (Bankr.M.D. Fla.1984). Under the Bankruptcy Reform Act of 1978, Congress amended the then-existing law to include the above-quoted definition of property of the estate.

Another principle of bankruptcy law equally applicable here is that "whatever rights a debtor has in property when his bankruptcy petition is filed continue in bankruptcy—no more, no less. Section 541 'is not intended to expand the debtor's rights against others more than they exist at the commencement of the case.'" *In re Lally*, 51 B.R. 204, 205 (N.D.Iowa 1985) (quoting H.R.REP. No. 595, 95th Cong., 1st Sess., *reprinted in* 1978 U.S.CODE CONG. & AD.NEWS 5787). *Accord In the Matter of Jones*, 768 F.2d 923, 927 (7th Cir.1985) ("[T]he estate's rights are limited to those had by the debtor: 'whatever rights a debtor had at the commencement of the case continue in bankruptcy—no more, no less.'") (quoting *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir.1984)).

It is clear that "[w]hether an interest of the debtors is property of the estate is a federal question. Nevertheless, the nature and existence of the debtors' right to property is determined by looking at state law." *In re DePoy*, 29 B.R. 466, 469 (Bankr.N.D. Ind.1983) (citing *In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980); *In re Wheeler*, 5 B.R. 600 (Bankr.N.D.Ga.1980); *In re Darwin*, 22 B.R. 259 (Bankr.E.D.N.Y.1982)). *Accord Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). "Property rights under section 541 are defined by state law. However, once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate.") (citing 4 COLLIER ON BANKRUPTCY ¶ 541.02[1] (L. King 15th ed. 1985) and *Butner*, 440 U.S. at 55, 99 S.Ct. at 918).

The "Conditional Sale Contract And Disclosure Statement" signed by the debtors by which SouthTrust Mobile Services, Inc. "sold" the mobile home to the debtors expressly states:

> "To secure the payment and performance of all of your obligations under this Contract [regarding the financing of the sale], you [the debtors] hereby grant to us [SouthTrust Mobile Services, Inc.] a security interest in, *and we [SouthTrust Mobile Services, Inc.] hereby retain title to, the property described below* [the mobile home in question]." Conditional Sale Contract And Disclosure Statement, p. 2, ¶ 4, Appeal File, Tab # 3.

Thus, the contract in question provides that SMSI (and, consequently, SouthTrust as assignee) retained legal title to the mobile home.

Alabama is a title theory, not a lien theory, state. However, under Alabama law, the parties to a mortgage can agree (as they did in this action) that the mortgagor shall remain in possession until the mortgage is satisfied. *Lowery v. Louisville &*

*Nashville Railroad Company,* 228 Ala. 137, 138, 153 So. 467, 467 (1934) (citations omitted). Therefore, in this case, the result is the same as though Alabama was a lien theory state.

This Court has reviewed the record and finds no evidence, much less substantial evidence, that the debtors had legal title to the mobile home. Accordingly, the bankruptcy court's conclusion that the mobile home was property of the estate is clearly erroneous. To the extent that the district court affirmed this conclusion, the district court's affirmance is also clearly erroneous. This Court finds that SouthTrust has legal title to the mobile home based on the sale contract signed by the debtors and the mobile home could not, therefore, have been part of the debtors' estate.

The only interest of the debtors is the right to possession. Even said right to possession is not absolute, but is contingent on the debtors fulfilling their financial obligation to SouthTrust under the sale contract.

## II.

### A.

■ Having determined that the debtors' right to possession of the mobile home was the sole interest of the debtors which became "property of the estate", the next step is to determine what effect the bankruptcy proceedings had, if any, on South-Trust's lien on the mobile home for which SouthTrust failed to file a claim in the debtors' bankruptcy proceedings.

**8.** 11 U.S.C. § 501 states:
**Filing of proofs of claims or interests.**
(a) A creditor or an indenture trustee *may* file a proof of claim. An equity security holder *may* file a proof of interest.
(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.
(d) A claim of the kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of

Section 103 provides that chapter 5 of title 11 applies to chapter 13. Section 501 permits, but does not require, a creditor to file a proof of claim.[8] In fact, "[a] proof of claim should be filed only when some purpose would be served." *In re Simmons,* 765 F.2d 547, 551 (5th Cir.1985) (citing 3 COLLIER ON BANKRUPTCY ¶ 501.01 (15th ed. 1985)). As noted by Judge Posner in *In re Tarnow,* 749 F.2d 464, 465 (7th Cir.1984),

"A long line of cases, though none above the level of bankruptcy judges since the Bankruptcy Code was overhauled in 1978, allows a creditor with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceedings and look to the lien for the satisfaction of the debt. See *Long v. Bullard,* 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886); *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 582–83, 55 S.Ct. 854, 859–60, 79 L.Ed. 1593 (1935); *United States Nat'l Bank v. Chase Nat'l Bank,* 331 U.S. 28, 33, 67 S.Ct. 1041, 1044, 91 L.Ed. 1320 (1947) (dictum); *In re Woodmar Realty Co.,* 307 F.2d 591, 594–95 (7th Cir.1962); *Dizard & Getty, Inc. v. Wiley,* 324 F.2d 77, 79–80 (9th Cir.1963); *Clem v. Johnson,* 185 F.2d 1011, 1012–14 (8th Cir. 1950); *DeLaney v. City and County of Denver,* 185 F.2d 246, 251 (10th Cir. 1950); *In re Bain,* 527 F.2d 681, 685–86 (6th Cir.1975); *In re Honaker,* 4 B.R. 415, 416 and n. 3 (Bankr.E.D.Mich.1980); c.f. *In re Rebuelta,* 27 B.R. 137 138–39 (Bankr.N.D.Ga.1983); *In re Hines,* 20 B.R. 44, 48 (Bankr.S.D.Ohio 1982).

this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition. (emphasis added).
The legislative history makes such permissive filing of claims clearer: "This subsection [§ 501(a)] is permissive only, and does not require filing of a proof of claim by any creditor." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 351 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5847, 6307.

*Tarnow,* 749 F.2d at 465.[9]

In *Tarnow* the court addressed the question of whether a lien can be extinguished simply because a claim is disallowed on the ground that the claim was filed late. In reaching the conclusion that such a lien is not extinguished by the disallowance of the claim, the court perused the applicable bankruptcy code provisions and related legislative history and stated,

> A provision added to the Bankruptcy Code in 1978, 11 U.S.C. § 506(d)[10], provides that "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 [regulating the allowance of claims against the bankrupt estate]." One purpose of section 506(d)(1) is simply to codify the rule of *Long v. Bullard* —which previously had been purely a judge-made rule of bankruptcy law—permitting liens to pass through bankruptcy unaffected. See H.R.Rep. No. 595, 95th Cong., 2d Sess. 357 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; see also *id.* at 361; S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978); 3 Collier on Bankruptcy, *supra,* ¶ 506.07, at p. 506–49.

*Tarnow,* 749 F.2d at 466 (bracketed material added by the *Tarnow* court).[11]

SouthTrust filed no claim of proof of claim for the mobile home or for the debt secured by the mobile home. Accordingly, SouthTrust has lost its right to recover any deficiency it may have from the estate or from the debtors.[12] SouthTrust conceded this point in its brief and at oral argument. However, SouthTrust still retains its lien on the mobile home. We follow the reasoning of the Seventh Circuit in *Tarnow* and hold that although SouthTrust filed no proof of claim for the mobile home or for the debt secured by the mobile home, SouthTrust's lien is not voided by the fact that the debtors passed the interest they had in the mobile home through bankruptcy.

### B.

The debtors argue that confirmation of their Chapter 13 plan will result in the voiding of the lien against the mobile home, and, consequently, that the mobile home will vest in them as property of the estate free and clear of any liens pursuant to § 1327.

Section 1327 states:

**Effect of confirmation**

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan,

---

**9.** This Court recently stated that "[b]ecause an unchallenged lien survives the discharge of the debtor in bankruptcy, a lienholder need not file a proof of claim under section 501." *In re Folendore,* 862 F.2d 1537, 1539 (11th Cir.1989) (citing *Tarnow,* 749 F.2d at 465.)

**10.** After the 1978 amendments to the Bankruptcy Code, § 506(d) stated:
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
> (1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title, or
> (2) such claim was disallowed under section 502(e) of this title.

**11.** In 1984 Congress amended the bankruptcy code. Section 506(d) currently states:
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

**12.** *In re Burrell,* 85 B.R. 799, 800–01 (Bankr.N.D. Ill.1988); *In re Bradshaw,* 65 B.R. 556, 557 (Bankr.M.D.N.C.1986); *In re Rhoades,* 34 B.R. 168, 169 (Bankr.D.Vt.1983).

the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327.

Subsection (b) provides generally that confirmation of the plan vests all "property of the estate" in the debtors. Here, the relevant "property of the estate" is the right to possession, *not* the mobile home. The only interest of the debtors in the mobile home which vested in the debtors upon confirmation of the plan was their right to possession, and this right to possession is subject to SouthTrust's lien on the mobile home. SouthTrust's title and lien are not, contrary to the debtors' argument, extinguished upon confirmation of the plan. SouthTrust is not a "creditor provided for by the plan." § 1327(c). The debtors' confirmed plan makes no provision for SouthTrust.[13]

The seminal case addressing the effect of § 1327 and confirmation of the plan on a lien on property is *In re Honaker*, 4 B.R. 415 (Bankr.E.D.Mich.1980). In *Honaker* the court stated:

> By Section 541(a)(1) the estate was vested with the same interest in the collateral that the debtor had, that is, an interest subject to a valid security interest. There has been no action in this case to void or set aside the lien securing the Bank's claim. Then, by operation of Section 1327(b), that same interest is shifted back to the debtor. The question arises whether, by virtue of Section 1327(c), the debtor receives a greater interest than the estate had, in that the property is no longer subject to any liens. The language of Section 1327(c) is "free and clear of any *claim or interest*," (Emphasis added).... As one commentator has observed, "... there appears to be no sound reason for lifting liens by operation of law at confirmation under Chapter 13." 5 Collier on Bankruptcy, (15th

Ed.), ¶ 1327.01, p. 1327–5. The reading of Section 1327 urged by [the debtors] would have the Debtor[s] materially improve [their] financial position, by unencumbering pledged assets, through the simple expedient of passing [their] property through the estate. This result has little to recommend it.

*Honaker*, 4 B.R. at 416–17. *Accord In re Simmons*, 765 F.2d 547, 555–59 (5th Cir. 1985) ("[W]e agree with the *In re Honaker* court's conclusion."); *In re Levine*, 45 B.R. 333, 337–38 (N.D.Ill.1984) ("Levine's argument [is] that confirmation of the Plan somehow extinguished the lien. That proposition is equally without merit. After all, Code § 1327 applies only to property of the Chapter 13 estate. Under Code § 541(a)(1) an estate becomes vested with an interest in property no greater than the debtor's—in the case of

> Levine's automobile, an interest subject to [the] Bank's lien. Upon confirmation of the Plan, Code § 1327(b) revested in Levine the estate's interest subject to the lien. And as for Levine's related assertion that Code § 1327(c) effectively frees the revested property of liens, that untenable notion is scotched by the succinct analysis of *In re Honaker*.").

This Court follows the reasoning of the *Honaker* court and holds that § 1327 does not operate to extinguish a lien on property passing through bankruptcy for which no proof of claim is filed. The district court in the present action held that SouthTrust's lien is not voided by the fact that the debtors passed the interest they had in the mobile home through bankruptcy. As the district court applied the correct rules of law to the facts before it and applied the rules of law correctly, this Court concludes that the district court's ruling as to the issue of the effect of the bankruptcy proceedings and confirmation of the plan on SouthTrust's lien is due to be, and hereby is, AFFIRMED.

---

**13.** The debtors will make zero payments to SouthTrust on the debt owed to SouthTrust, and the debtors have not and do not intend to turn over the collateral to SouthTrust. Several courts have held, although none above the bankruptcy level, that a chapter 13 plan that "contemplat[es] 'zero payment' to a creditor does not provide for that creditor as the term 'provide' is used in the Code." *In re Rhoades*, 34 B.R. 168, 169–70 (Bankr.D.Vt.1983).

### III.

The last question is whether the automatic stay was lifted at the time South-Trust initiated the detinue action in state court. This Court has reviewed the district court's findings and conclusions on this issue and concludes that the district court's analysis is correct.

Accordingly, the district court opinion is also AFFIRMED as to its ruling on the question of whether SouthTrust is entitled to pursue its detinue action in state court.

AFFIRMED.